■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK ARMSTRONG, Appellant.—Judgment of the Supreme Court, New York County (Daniel P. FitzGerald, J.), rendered on December 14, 1987, convicting defendant, following a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree and sentencing him, as a predicate felon, to

two concurrent indeterminate terms of imprisonment of from 8 to 16 years, is unanimously affirmed.

Defendant contends that his mere presence at the scene of the crime provides an insufficient basis upon which to find accessorial liability. However, when viewing the evidence most favorably to the People *(People v Contes,* 60 NY2d 620), the proof introduced at trial is sufficient to establish defendant's guilt beyond a reasonable doubt. In that regard, the undercover police officer approached the social club and was permitted entry by defendant, who served as lookout and guard. When the officer indicated his desire to purchase crack, defendant proceeded to search him before allowing him to come in and then directed him to codefendant, who consummated the transaction. During the sale, defendant, continuing to serve as lookout, peeped through an opening in the door. Eventually, after the transaction was completed, the codefendant signaled defendant enabling the officer to exit the club. Defendant possessed keys with which to open the locked door.

Defendant's claim that his conduct required that a lesser included offense of criminal facilitation in the fourth degree be charged to the jury is not persuasive, considering the elements of that crime and the evidence educed at trial. Furthermore, facilitation is not a lesser included offense of criminal sale of a controlled substance *(People v Luther,* 61 NY2d 724). Finally, there was an evidentiary basis upon which the jury could appropriately find that defendant's crime was committed in New York County and, therefore, that there existed geographical jurisdiction *(People v Cullen,* 50 NY2d 168). One of the police officers testified that the events occurred at the address of the social club in the City and County of New York. No more is necessary. Concur—Sullivan, J. P., Carro, Milonas, Rosenberger and Smith, JJ.