■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND WILLIAMS, Appellant.—Judgment of the Supreme Court, New York County (Rena Uviller, J., at hearing; Walter Schackman, J., at jury trial), rendered June 26, 1989, convicting defendant of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), and sentencing him, as a second felony offender, to an indeterminate term of imprisonment of from 5 to 10 years, affirmed.

Viewing the evidence in a light most favorable to the People *(People v Contes,* 60 NY2d 620), we conclude that it was legally sufficient to support defendant's conviction for the sale of heroin to an undercover police officer on a theory of accomplice liability. While the heroin was purchased directly from the co-defendant, defendant remained a short distance away, continually looking around, and received the proceeds of the drug sale. The evidence supports the jury's conclusion that defendant acted with the co-defendant in furtherance of the transaction *(People v Payne,* 135 AD2d 746, *lv denied* 71 NY2d 900).

We are not willing, as the dissent seems prepared to do, to suspend our judgment and assume that defendant was innocently standing around exchanging pleasantries with co-defendant Soto while Soto sold drugs and passed the proceeds to defendant, as the dissent surmises, to discharge an antecedent debt. Given the high probability of arrest for engaging in his chosen enterprise, we seriously doubt that defendant would act in such a manner as to make his involvement in the transactions overt. We note that a conclusion by the jurors that defendant acted as a lookout was sufficient to sustain his conviction *(People v Armstrong,* 160 AD2d 206, 207). Although the evidence does not indicate that defendant was seen in possession of the contraband, we find his possession of the buy money, under the circumstances of this case, to be sufficient to support the verdict. As the Court of Appeals observed in *People v Dordal* (55 NY2d 954, 956): "That competing inferences could be drawn from the evidence does not defeat the People's prima facie case (see *People v Barnes,* 50 NY2d 375, 381; *People v Gerard,* 50 NY2d 392, 397)." Concur—Asch, Smith and Rubin, JJ.

Milonas, J. P., and Rosenberger, J., dissent in a memorandum by Milonas, J. P., as follows: In my opinion, the judgment of conviction should be reversed and the indictment dismissed.

Defendant Raymond Williams was found guilty, following a jury trial, of criminal sale of a controlled substance in the third degree and sentenced, as a second felony offender, to an indeterminate term of imprisonment of from five to ten years. The basis for his conviction was an incident which occurred on the afternoon of December 4, 1988 when a number of undercover police officers drove in separate unmarked vehicles to the intersection of 120th Street and Second Avenue in Manhattan. At that location there is a small park with a monument. Defendant and his codefendant, Israel Soto, were observed to meet and converse three times near the monument. One of the officers testified that she also noticed defendant walking back and forth in front of the monument, turning his head from one direction to the other. This officer approached Soto, who sold her a glassine envelope containing heroin for ten dollars (two five dollar bills in prerecorded buy money). As she began to return to her car, she saw him hand the money to defendant. She thereafter radioed her backup team, conveying the physical description of both defendants, and they were subsequently arrested. Thus, even viewing the evidence in the manner most favorable to the People *(People v Allah,* 71

NY2d 830; *People v Contes,* 60 NY2d 620; *see also, People v Bleakley,* 69 NY2d 490), the proof against defendant amounts entirely to the fact that he was conversing with Soto, that he was probably aware that Soto was engaged in a drug transaction and that he was given the buy money by Soto. However, it is unclear whether defendant was acting as a lookout or was simply owed some money by Soto or even whether he had been given a loan from the latter. Any of these suppositions is no more or less valid than the others, and none of them, including the prosecution's theory that he was functioning as a lookout, was established beyond a reasonable doubt.

In order to prove that defendant was Soto's accomplice, it was necessary for the People to demonstrate that, with the mental culpability required for the commission of criminal sale of a controlled substance in the third degree, he solicited, requested, commanded, importuned or intentionally aided Soto in conducting the sale (Penal Law §§ 20.00, 220.39 [1]). Although the trial court denied the motion to dismiss on the ground that the evidence against defendant was insufficient, the Judge did note that he believed that the proof against defendant was inadequate unless the jury were convinced that he had furnished the drugs. The possibility that defendant was the supplier rested exclusively upon an ambiguous, wholly unsubstantiated statement from Soto after his arrest that he was just selling narcotics, that he didn't know where the drugs came from, that some unidentified other person had picked up the drugs and brought them over and that he, Soto, just did the selling. The court specifically declared that "there is insufficient evidence, I think, to classify Mr. Williams as a lookout. I think the mere statement that he was around there for 20 minutes, that he spoke to this man a few times, does not make him a lookout in this case". Yet, the Trial Judge, notwithstanding his comments that he deemed the evidence insufficient to support a conviction for accessorial conduct, nonetheless incomprehensibly permitted the jury to consider the case against defendant and then declined to set aside the verdict. It is significant that not even the prosecution claims that defendant provided Soto with the narcotics. On the contrary, the People have consistently relied upon the proposition that he aided and abetted Soto in the latter's sale.

The fact is that socializing and/or accepting money from a drug dealer is, in the absence of evidence of some overt act in furtherance of the underlying transaction, simply not enough to warrant a criminal conviction under a theory of accomplice liability. The law is settled that mere presence at the scene of

an offense, even with knowledge that the crime is taking place, is an insufficient predicate for a finding of guilt in that respect *(People v Yarrell,* 75 NY2d 828, *revg* 146 AD2d 819 *on dissent of Justice Richard A. Brown; People v Tucker,* 72 NY2d 849; *People v Christopher,* 161 AD2d 896; *People v Armstrong,* 160 AD2d 206), particularly where, as is the situation herein, there is no indication of a community of purpose between the principal and the alleged accessory *(see, People v Allah,* 71 NY2d 830, *supra; People v Christopher, supra).* In the instant matter, except for defendant's presence in the nearby park, his remaining conduct was, at most, equivocal *(see, People v Yarrell, supra).* Indeed, it is difficult to locate any authority in which courts have sustained convictions for accessorial liability without proof that the defendants in question have in some way actively participated in the criminal transaction. Here, there is no evidence whatever that defendant did anything to assist or further Soto's drug sale; certainly, defendant's talking with Soto, walking around the monument and later accepting some money from him is no more indicative of guilt than it is of innocence, a fact that the Trial Judge expressly recognized despite his decision to send defendant's case to the jury and his ultimate refusal to grant the motion to dismiss.