■ The People of the State of New York, Respondent, v Gregorio Rosa, Also Known as Tito Rosa, Appellant.—Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered December 5, 1986, convicting defendant after a jury trial of criminal sale of a controlled substance in the first degree, two counts of criminal possession of a controlled substance in the first degree, two counts of criminal possession of a controlled substance in .the third degree, and criminal possession of a weapon in the third degree, for which defendant was sentenced to concurrent terms of fifteen years to life for each count of criminal sale and criminal possession of a controlled substance in the first degree, concurrent with eight and one-third to twenty-five years for each count of criminal possession of a controlled substance in the third degree, concurrent with two and one-third to seven years for criminal possession of a weapon in the third degree, unanimously affirmed.

Defendant, who operated a private social club in which police officers conducted undercover purchases of cocaine, was convicted as an accomplice. Defendant, after unsuccessfully attempting to sell cocaine to the undercover officer, arranged by telephone for a co-defendant to come to the premises to consummate the deal. Defendant had access to the back room where the samples of cocaine were stored, and where the undercover officer finally sampled the larger package of 1/4 of a kilo of cocaine. Defendant was present during the negotiations and the samplings. When the back-up team of police officers entered the premises, defendant was found counting money. Rather than surrendering immediately, defendant sought to draw a gun on police officers before he was restrained.

Viewing the evidence in a light most favorable to the People, and giving due deference to the jury's findings of credibility *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), defendant's guilt on a theory of accomplice liability was proved beyond a reasonable doubt by overwhelming evidence *(see, People v Festo,* 96 AD2d 765, *affd* 60 NY2d 809). Defendant's conduct establishes his guilt as an accomplice (Penal Law § 20.00; *People v Armstrong,* 160 AD2d 206, 207).

Defendant's challenge to Criminal Term's inquiry under *People v Gomberg* (38 NY2d 307) concerning joint representation of defendant and a co-defendant, is meritless. One of the co-defendants sought separate counsel for trial. The Court's role, when faced with a case of multiple representation, is confined to insuring that defendant's decision to accept such representation is made with an awareness of his rights and the potential risks involved *(cf., People v Salcedo,* 68 NY2d 130, 135, citing *People v Macerola,* 47 NY2d 257). We note, further, that a trial court need not, and indeed, should not inquire too closely into details of the defense when inquiring into the potential for conflict *(see, People v Lloyd,* 51 NY2d 107, 111). Despite defendant's speech impediment, the Court made scrupulous inquiry into defendant's understanding of the rights he was waiving, and warned him of adverse consequences of joint representation, particularly in view of his theory that he was merely a bodyguard. The Court elicited clear physical responses, accompanied by defendant shaking his head, to each of the Court's questions. Defendant then acknowledged, also by a shake of the head, that the Court understood defendant's response.

We reject defendant's contention that the Court should have instructed the jury concerning a purported "bodyguard exception" to accessorial liability, and decline to recognize the validity of any blanket exception. Nor would such an instruction, under the circumstances of this case, be supported by case law *(see, e.g., People v Festo, supra,* at 766).

We have examined defendant's remaining contentions and find them to meritless. Concur—Sullivan, J. P., Rosenberger, Wallach, Kupferman and Rubin, JJ.