■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

JOSE CARABALLO, Appellant.—Judgment, Supreme Court, New York County (Thomas Galligan, J.), rendered October 19, 1989, convicting defendant after a trial without jury of criminal posssession of a controlled substance in the fourth degree and criminal possession of a weapon in the third degree, and sentencing him to concurrent, indeterminate terms of imprisonment of 3 to 9 years and 1 to 3 years, unanimously affirmed.

On May 19, 1988 Detective Monge and other members of the drug enforcement task force executed a search warrant targeting apartment 3C of a building on West 174th Street. The officers entered the studio apartment behind a person, who had opened the front door with a key. Defendant was found standing by the door. A triple beam scale, grinders, screens, and a quarter ounce of cocaine were on a nearby table. A revolver was lying on a lower shelf of a nearby wall unit.

Defendant testified that he was outside the apartment when the police entered and that he had entered the apartment to give the tenant a painting estimate, and was awaiting his return.

Contrary to defendant's claims on appeal, his guilt of possessing the gun and the cocaine was established beyond a reasonable doubt. The circumstances under which defendant was found alone in the apartment support the fact finder's conclusion that defendant exercised control over the contraband, which was found in plain view (People v Reisman, 29 NY2d 278). The possibility that defendant did not have a leading role in the illicit activity conducted in the apartment does not insulate him from liability, where the evidence shows that he had full control of the apartment, and the cocaine and the gun, which were within his immediate control and reach and, therefore, available for his use (People v Lemmons, 40 NY2d 505).

Defendant's remaining arguments are unpreserved or meritless. Concur—Carro, J. P., Ellerin, Wallach, Ross and Rubin, JJ.