■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LENWORTH PARKE, Appellant. [595 NYS2d 162] —Judgment unanimously reversed on the law and indictment dismissed. Memorandum: Defendant was convicted of one count of criminal sale of a controlled substance in the first degree, one count of criminal possession of a controlled substance in the first degree, and one count of criminal possession of a controlled substance in the third degree. The charges arose out of a sale of cocaine by codefendant Juan Morales to an undercover police officer at the apartment of a police informant on October 23, 1990.

Defendant was charged as an accomplice *(see,* Penal Law § 20.00). There was no direct proof adduced that defendant possessed the cocaine, that he entered the apartment, that he participated in the sale, or that he received the proceeds from the sale. The only proof pertaining to defendant's involvement in the October 23 incident was provided by surveillance officers. Defendant was observed driving a vehicle in which Morales was the passenger. Defendant let Morales out in front of the apartment building, drove a distance away, turned the vehicle around, waited in the vehicle for approximately two minutes, then picked up Morales as he left the building. At

some point, defendant drove the wrong way down a one-way street.

That evidence did not establish any more than defendant's presence, which is not sufficient to support the jury's conclusion that he shared codefendant Morales' intent *(see, People v Christopher,* 161 AD2d 896, 897, *lv denied* 76 NY2d 786; *People v McLean,* 107 AD2d 167, 169-170, *affd* 65 NY2d 758). Although "the coincidence of time, place and behavior" is sufficient "to create suspicion" *(People v Way,* 59 NY2d 361, 367), it is insufficient to establish guilt with the requisite certainty and it did not exclude to a moral certainty every other reasonable hypothesis but guilt *(see, People v Way, supra,* at 365; *People v Cleague,* 22 NY2d 363, 366). In light of our determination, we do not reach defendant's remaining arguments. (Appeal from Judgment of Onondaga County Court, Burke, J.—Criminal Sale Controlled Substance, 1st Degree.) Present—Callahan, J. P., Green, Balio, Lawton and Doerr, JJ.