■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN SANDOBAR, Appellant. [595 NYS2d 197] —Judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered November 6, 1991, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender to a term of 10 to 20 years, unanimously affirmed.

Defendant was detained for investigative purposes and a transmitter seized from him when he was observed by an undercover officer using the transmitter to warn the occupants of a nearby apartment of approaching police. Defendant was arrested after police established a definite connection between the transmitter and the receiver in the apartment. In excess of five ounces of cocaine were recovered from the apartment, and a substantial sum of cash, along with a beeper, were recovered from defendant. It was also established that defendant possessed a key to the apartment on occasions prior to the police raid.

Viewing the evidence in a light most favorable to the People, defendant's guilt was proved by the overwhelming evidence that he acted as a steerer, lookout, and intermittent bodyguard for a cocaine selling ring operating out of the apartment. We reject defendant's contention that his role, if any, was too marginal to support the verdict of criminal possession, and that, at most, he was guilty only of criminal facilitation. Persons who act as lookouts (People v Williams, 172 AD2d 448, affd 79 NY2d 803), steerers (People v Tention, 162 AD2d 355, lv denied 76 NY2d 991), and bodyguards (People v Festo, 96 AD2d 765, affd 60 NY2d 809), especially when they possess keys to premises where drugs are found (People v Armstrong, 160 AD2d 206), have been found to exercise the dominion and control over the drugs (Penal Law § 10.00 [8]; § 20.00) necessary to satisfy the evidentiary burden of criminal possession (Penal Law § 220.16 [1]). This is despite the fact that another may have exercised greater control (People v Caraballo, 176 AD2d 669, lv denied 79 NY2d 854), or that the defendant was never in actual possession of the drugs (People v Hodge, 141 AD2d 843, 845, lv denied 72 NY2d 1046).

Nor is there merit to defendant's contention that the evidence seized from his person should have been suppressed because he never should have been approached by the police at all. The initial stop and investigative detention were justi-

fied by the officer's observations and prior knowledge, which supported a well-founded concern for the safety of the police entry team, and the exigencies inherent in the rapidly developing situation *(see, People v Gutierrez,* 129 AD2d 463, *appeal dismissed* 70 NY2d 782; *People v Fields,* 171 AD2d 244, *lv denied* 79 NY2d 1000). Defendant was subjected to a full-blown search and formal arrest only after a definite connection between his transmitter and the receiver inside the apartment was established.

Defendant next challenges the court's initial introduction of an affirmation by defendant's former counsel wherein defendant admitted possessing the transmitter; the court reversed itself thereafter and gave a curative instruction, after denying defendant's motion for a mistrial. The court erred in its initial evidentiary ruling; the admission, issued through counsel's affirmation, should never have come in *(Simmons v United States,* 390 US 377, 389-394). In denying a mistrial, the court correctly noted the overwhelming evidence of guilt. The court was on less sure ground when it found that the mere fact that defendant admitted possessing a transmitter was not materially connected to constructive possession of the cocaine. Of course it was closely connected. However, the sheer weight of the remaining evidence rendered the error harmless beyond a reasonable doubt, the affirmation was not referred to again, the jury must be presumed to have followed the court's curative instruction, and defendant never seriously contended that he had not possessed the transmitter—but only argued that its possession was innocuous.

We have considered defendant's remaining contentions and find them to be without merit. Concur—Milonas, J. P., Rosenberger, Wallach and Ross, JJ.