■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK THOMAS, Appellant. [613 NYS2d 442] —Casey, J. Ap-

---

peal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered July 13, 1992, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree (two counts).

In the early morning of October 2, 1991 the Southern Tier Drug Task Force (hereinafter Task Force), acting pursuant to a search warrant, raided an apartment in the City of Elmira, Chemung County, and confiscated 249 vials of crack cocaine found beneath a hassock in the living room of the apartment. The weight of the drugs later proved to be more than a 1/2 ounce. Defendant was apprehended in the bathroom of the apartment flushing the toilet. No cocaine or any marked money was found on his person.

The search warrant was based on information supplied by a confidential informant and an undercover Task Force officer who had gone to defendant's apartment at about 7:30 P.M. on the preceding evening. The informant, who knew defendant previously, was equipped with a recording device. The informant, but not the undercover officer, was allowed into the apartment where he purchased two vials containing cocaine in exchange for two marked $20 bills. The informant returned at about 10:30 P.M. when he purchased another vial of cocaine, but from a different occupant of the apartment. On this occasion the informant was shown a plastic bag containing approximately 150 to 200 vials.

Defendant was indicted for criminal sale of a controlled substance in the third degree and two counts of criminal possession of a controlled substance in the third degree. Defendant was convicted as charged after a jury trial and was sentenced as a second felony offender to concurrent prison terms of 8 to 16 years. Defendant appeals.

Defendant argues that the evidence was legally insufficient to support his convictions on both counts of criminal possession of a controlled substance in the third degree. The prosecution was required to establish that defendant either physically possessed the drug or had constructive possession, i.e., dominion and control, over the drug (see, People v Manini, 79 NY2d 561). Testimony was offered by an inmate who was with defendant in jail that defendant admitted the drugs were his. The informant testified that defendant stated to him, "This is my house, respect it." Defendant also told an officer of the Chemung County Sheriff's Department that he had been living in the apartment for two years. This evidence was

sufficient for the jury to conclude that defendant had dominion and control over the cocaine at issue (see, People v Sandobar, 191 AD2d 375, lv denied 81 NY2d 1080) and legally sufficient to establish the contested element of possession (cf., People v Sanabria, 73 AD2d 696).

Defendant further argues that he did not sell the cocaine to the informant, but was merely procuring the cocaine from the other occupant of the apartment as an accommodation for the buyer (see, People v Lam Lek Chong, 45 NY2d 64, cert denied 439 US 935). Given the testimony that defendant went into the living room for the drugs on the occasion of the informant's first visit, that defendant met the informant in the back yard and allowed only the informant and not the undercover officer into the house, and that on the informant's second visit defendant attempted to search him for a recording device, the evidence is sufficient to support the conclusion that defendant was acting in concert with the seller, rather than as the agent of the buyer. Added to this evidence is the rebuttal testimony of the individual who was in jail with defendant, i.e., that defendant admitted the drugs were his and he was making good money, and that defendant had sold him drugs in the past. Although defendant's claim of agency was supported by the testimony of the other occupant of the apartment, there was sufficient evidence for a rational jury to conclude that the People disproved the defense of agency beyond a reasonable doubt (see, People v Arnott, 143 AD2d 761; People v Matos, 123 AD2d 330, 331, lv denied 68 NY2d 1002).

In regard to the third count of the indictment, which charged defendant with illegal possession of more than 1/2 ounce of a substance containing cocaine, we note that the jury questioned whether defendant had to know that there was more than 1/2 ounce of cocaine and was instructed by County Court that defendant did not have to know the weight. The instruction was clearly erroneous (see, People v Ryan, 82 NY2d 497), and despite the lack of an exception to the instruction we conclude that reversal of defendant's conviction on the third count is appropriate as a matter of discretion in the interest of justice (see, CPL 470.15 [6] [a]).

Cardona, P. J., Crew III, Weiss and Yesawich Jr., JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reversing so much thereof as convicted defendant under the third count of the indictment; the third count of the indictment is dismissed; and, as so modified, affirmed.