■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON MOTA, Appellant. [621 NYS2d 551] —Judgment, Supreme Court, New York County (Thomas Galligan, J.), rendered November 21, 1991, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him to a term of 1 to 3 years, unanimously affirmed.

Viewing the evidence in a light most favorable to the People *(People v Contes,* 60 NY2d 620), defendant's guilt on a theory of accomplice liability was proven beyond a reasonable doubt by legally sufficient evidence that over a period of a half hour, he and a companion were observed by two police officers taking money from 15 to 20 unidentified individuals (although in some instances only hand contact was seen), that they then directed the individuals to a second companion who retrieved objects from a flower box and engaged in hand-to-hand exchanges with the unidentified individuals, and that two vials of crack cocaine were dropped by one of the individuals while being pursued by the police and a third vial was found on a search of the flower box *(see, People v Williams,* 172 AD2d 448, *affd* 79 NY2d 803). Nor was the verdict against the weight of the evidence. The multiple transactions involved here and defendant's receipt of buy money immediately prior to his companion handing over the cocaine, distinguishes this case from *People v Rosario* (193 AD2d 445, 446, *lv denied* 82 NY2d 708), where we held that the evidence of a single incident with an undercover officer showed only "that the defendant was able to identify a local purveyor of narcotics", not that he "shared the seller's intent to bring the transaction about".

Defendant's absence from a sidebar conference at which a prospective juror explained his inability to be objective in a

drug case does not require reversal, since defendant's trial was held before the rule announced in *People v Sloan* (79 NY2d 386) and *People v Antommarchi* (80 NY2d 247) *(People v Sprowal,* 84 NY2d 113, 119). Concur—Ellerin, J. P., Kupferman, Asch and Rubin, JJ.