■ In the Matter of BERNARD ROBINSON, Petitioner, v LESLIE CROCKER SNYDER et al., Respondents. [686 NYS2d 392] —Application, pursuant to CPLR article 78, in the nature of a writ of prohibition to dismiss the indictment and prohibit respondent Justice from trying petitioner under that indictment, unanimously denied and the petition dismissed, without costs.

Petitioner Bernard Robinson states that he was arrested on August 4, 1997 in connection with the present indictment, number 5747/97, charging him with one count each of conspiracy in the first and second degrees. Petitioner moved to dismiss the indictment pursuant to CPL 40.20 (2), asserting that prosecution is barred because it constitutes double jeopardy. His uncontroverted affidavit alleges that he was previously prosecuted and convicted, under indictment number 7694/96, of

criminal possession of a controlled substance in the third and fourth degrees, criminal possession of a weapon in the second and third degrees and criminal possession of marijuana in the second degree. Those charges stemmed from his arrest on August 29, 1996 at the premises located at 310-314 East Second Street, Apartment 2F in the City and County of New York, which is confirmed by a copy of the application for a warrant to search for weapons and drugs at that location. The present indictment, under which defendant is charged, along with 41 other persons, with conspiracy in the second degree, alleges that on the same date and at the same location defendant possessed a quantity of the organization's cocaine and marijuana.

On this application, the People concede that "a CPLR article 78 proceeding in the nature of prohibition is an appropriate vehicle to raise a claim of double jeopardy" (citing *Hall v Potoker*, 49 NY2d 501, 505, n 1; *People v Michael*, 48 NY2d 1, 7). The People do not identify any particular exception in CPL 40.20 (2) that is applicable to this case. However, they maintain that Supreme Court properly applied the exceptions provided in CPL 40.20 (2) to allow the present prosecution to proceed.

We agree. The crime of conspiracy and the category of offenses involving possession of contraband are comprised of distinct elements and serve to prevent different kinds of harm (*People v Bryant*, 92 NY2d 216). "The crime of conspiracy is an offense separate from the crime that is the object of the conspiracy" (*People v McGee*, 49 NY2d 48, 57). The essence of the offense is an agreement to cause a specific crime to be committed (Penal Law art 105) together with the actual commission of an overt act by one of the conspirators in furtherance of the conspiracy (Penal Law § 105.20). "Once an illicit agreement is shown, the overt act of any conspirator may be attributed to other conspirators to establish the offense of conspiracy * * * and that act may be the object crime. But the overt act itself is not the crime in a conspiracy prosecution; it is merely an element of the crime that has as its basis the agreement" (*People v McGee, supra*, at 57-58). Therefore, defendant's conviction arising out of his possession of illicit drugs is not essential to his conviction for conspiracy, even though it is an act in furtherance thereof, because conviction may rest "on the overt act committed by another" (*supra*, at 58). All that is required is some "independent act that tends to carry out the conspiracy, but need not necessarily be the object of the crime" (*People v Ribowsky*, 77 NY2d 284, 293).

The evil sought to be prevented by the conspiracy statute is

the deterrence of concerted activity in furtherance of a criminal purpose. Conspiracy "is an embracive crime. It embraces all of the overt acts and substantive crimes in the persisting criminal enterprise" (*People v Abbamonte*, 43 NY2d 74, 85). However, where one of the statutory exceptions is applicable, the double jeopardy statute does not prohibit successive prosecutions even when based upon the same act or criminal transaction (CPL 40.20 [2] [b]; *People v Bryant, supra*, at 230). Concur—Sullivan, J. P., Nardelli, Rubin and Mazzarelli, JJ.