■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v SHELDON O'NEILL and LUIS AGUERO MAIDANA, Respondents. [728 NYS2d 252] —Mercure, J. P. Appeals from two orders of the County Court of Cortland County (Smith, J.), entered March 1, 2000 and March 2, 2000, which granted defendants' motions to dismiss the indictment.

Defendant Sheldon O'Neill was indicted on a number of charges, including conspiracy in the fifth degree and seven counts of criminal sale of a controlled substance in the fourth degree, based upon his alleged involvement in a drug ring with

defendant Luis Aguero Maidana and two other codefendants.[1] The indictment charged Maidana with a single count of conspiracy in the fourth degree. County Court granted defendants' motions to dismiss the counts of the indictment against them based upon the insufficiency of the Grand Jury evidence, prompting these appeals by the People.

On a motion to dismiss an indictment based upon insufficient evidence before a Grand Jury, the issue is " 'whether the evidence viewed in the light most favorable to the People, if unexplained and uncontradicted, would warrant conviction by a petit jury' " (*People v Bello*, 92 NY2d 523, 525, quoting *People v Jennings*, 69 NY2d 103, 114). Although a declaration by a coconspirator during the course and in furtherance of the conspiracy is admissible against another coconspirator, this evidence may be admitted only upon a showing that a prima facie case of conspiracy has been established without recourse to the declarations sought to be introduced (*see, People v Tran*, 80 NY2d 170, 179). With regard to Maidana, County Court concluded that a prima facie case of conspiracy was not established and that, without the declarations of coconspirators, the evidence before the Grand Jury was insufficient to support the conspiracy charge. We conclude that a prima facie case of conspiracy was established and, therefore, the evidence before the Grand Jury, including the coconspirators' declarations, was sufficient.

Evidence presented to the Grand Jury established that in addition to possessing cocaine, which was alleged to be one of the overt acts in furtherance of the conspiracy, Maidana possessed an automobile club card issued in the name of codefendant Raymond Powierski, who was engaged in the sale of cocaine and other controlled substances, and a daily agenda book that contained Powierski's pager number and the home telephone number of Powierski's brother, another codefendant. A Grand Jury witness also testified that Maidana told the witness that he was a "runner" for Powierski, that he transported cocaine to wherever Powierski wanted it and that, at the time of his arrest for possession of cocaine, he was delivering the cocaine to Powierski's house. The admissibility of Maidana's statements does not depend on the coconspirator declaration exception to the hearsay rule, for the statements are independently admissible as Maidana's admissions and we conclude that those admissions, together with the cocaine and other items possessed by him, are sufficient prima facie proof linking Maidana to the predicate conspiracy to permit introduction of

---

1. The indictment misnamed both O'Neill and Maidana.

the hearsay declarations of the coconspirators regarding Maidana's involvement in the conspiracy (*see, People v Salko*, 47 NY2d 230, 240-241).

As an alternative ground for dismissing the indictment against Maidana, County Court concluded that, pursuant to CPL 40.20 (2), Maidana's conviction of criminal possession of a controlled substance in the fifth degree based upon his possession of cocaine precluded his prosecution for conspiracy in the fourth degree in which his possession of the cocaine was alleged to be an overt act in furtherance of the conspiracy. We agree with the People that this case falls within the exception which permits separate prosecutions when "[e]ach of the offenses as defined contains an element which is not an element of the other, and the statutory provisions defining such offenses are designed to prevent very different kinds of harm or evil" (CPL 40.20 [2] [b]; *accord, People v Bryant*, 92 NY2d 216, 227). "The crime of conspiracy and the category of offenses involving possession of contraband are comprised of distinct elements and serve to prevent different kinds of harm [citation omitted]" (*Matter of Robinson v Snyder*, 259 AD2d 280, 281, *lv denied* 93 NY2d 810). Maidana's reliance on *Matter of Abraham v Justices of N. Y. Supreme Ct.* (37 NY2d 560) is misplaced, for that case involved Federal drug conspiracy laws which were aimed specifically at narcotics trafficking (*id.*, at 567), while the State conspiracy laws involved in this case have a more general aim at deterring concerted activity in furtherance of a criminal purpose (*see, Matter of Robinson v Snyder, supra*, at 281-282).

With regard to O'Neill, we agree with County Court that the evidence before the Grand Jury was insufficient. The People contend that evidence that O'Neill sold the prescription drug hydrocodone, together with other evidence, was sufficient to preclude dismissal of the counts of the indictment charging O'Neill with conspiracy and sale of hydrocodone.[2] The substance sold by O'Neill was not subjected to chemical analysis and the only evidence that it was hydrocodone is the testimony of the purchasers.

"[I]n a drug-related prosecution, the People's case is legally sufficient if the evidence provides a 'reliable basis' for inferring the presence of a controlled substance * * * [but m]ore than conclusory assertions that the defendant possessed a drug are required at the Grand Jury stage" (*People v Swamp*, 84 NY2d 725, 730 [citation omitted]). At trial, drug users who can demonstrate a knowledge of the narcotic are competent to testify in

---

2. The People do not contest the dismissal of the other counts of the indictment against O'Neill.

situations where the illegal substance is not available for analysis (*see, People v Christopher*, 161 AD2d 896, 897, *lv denied* 76 NY2d 786; *People v Mullen*, 152 AD2d 260, 266). The focus of the inquiry is on "'the experience of the witness and the nature of his [or her] qualifications to identify the substance at issue'" (*People v Czarnowski*, 268 AD2d 701, 702, quoting *People v Lynch*, 85 AD2d 126, 128). In this case, the purchasers merely stated their conclusion that the pills purchased from O'Neill were Vicodin or hydrocodone, with no explanation of the basis for their conclusion. For example, in contrast to *People v Christopher* (*supra*), the purchasers did not testify regarding the effect of the pills when they ingested them. Nor did they testify that O'Neill expressly represented that the pills were Vicodin or hydrocodone. In these circumstances, the purchasers' identifications of the substance are conclusory and insufficient to support the drug trafficking charges (*see, People v Dumas*, 68 NY2d 729).

The People rely on the purchasers' testimony that O'Neill told them that he obtained the pills through a doctor's prescription and the fact that a subsequent search of O'Neill's apartment revealed two empty hydrocodone prescription bottles in his name. The search, however, occurred long after the last of the alleged sales and the inference from the presence of the two empty bottles that the 30 pills O'Neill sold on each of the seven occasions alleged in the indictment were hydrocodone is too tenuous and speculative to constitute the required reliable basis.

Crew III, Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the order entered March 1, 2000 is reversed, on the law, motion denied and indictment reinstated against defendant Luis Aguero Maidana. Ordered that the order entered March 2, 2000 is affirmed.

