■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RONALD G. CARTWRIGHT, III, Respondent. [741 NYS2d 301] —Carpinello, J. Appeal from an order of the County Court of Cortland County (Ames, J.), entered April 10, 2001, which granted defendant's motion to dismiss the indictment.

The People appeal from the dismissal of a six-count indictment charging defendant with burglary in the second degree, robbery in the second degree, unlawful imprisonment in the second degree, criminal mischief in the fourth degree, criminal tampering in the third degree and conspiracy in the fourth degree.[1] The charges stem from defendant's alleged involvement in a June 13, 2000 incident whereby a woman was accosted from behind and thrown to the floor by unknown men who broke into her home, threatened her and stole money and property. County Court dismissed the indictment on the ground of legally insufficient evidence in that the only evidence linking defendant to the charged crimes consisted of a written statement to police by coconspirator Joan Harmon made two weeks after the incident. To be sure, Harmon's statement minimizes her involvement in the planning stage of the crimes and further alleges that she was not even present at the victim's home

---

1. County Court dismissed the indictment with leave to re-present to another grand jury.

during their commission. Harmon was not called as a witness before the grand jury; rather, her statement was simply read into evidence by a police detective.

Since the People failed to establish a prima facie case of conspiracy against defendant without recourse to Harmon's statement, the statement was clearly inadmissible at the grand jury proceeding under the coconspirator declaration exception to the hearsay rule (*see, People v Tran*, 80 NY2d 170, 179; *People v O'Neill*, 285 AD2d 669, 670; *compare, People v Fernandez*, 249 AD2d 3, *lv denied* 92 NY2d 897; *People v Diaz*, 209 AD2d 1, *lv denied* 85 NY2d 972).[2] While the People argued before County Court that the statement was otherwise admissible "as an inculpatory declaration against penal interest" under *People v Maerling* (46 NY2d 289) and its progeny, we find that the People wholly failed to sustain their burden establishing the stringent criterion for introduction of the statement under this "very restricted hearsay exception" (*People v Morgan*, 76 NY2d 493, 495).

Mercure, J.P., Peters, Spain and Mugglin, JJ., concur. Ordered that the order is affirmed.

---

2. Notably, the People do not argue to the contrary on appeal.