■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE VELEZ, Appellant. [870 NYS2d 349]—

Judgment, Supreme Court, Bronx County (Caesar Cirigliano, J.), rendered April 7, 2006, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the second degree, and sentencing him to a term of three years to life, unanimously affirmed.

The People made a sufficiently particularized showing of an overriding interest justifying the court's exclusion of the general public from the courtroom during the undercover officers' testimony in order to protect their safety and effectiveness. The officers had numerous other cases pending in the courthouse, continued to work undercover in the vicinity of defendant's arrest, and took specific precautions upon entering the courthouse because they feared being recognized as police officers (*see People v Ramos*, 90 NY2d 490, 498-499 [1997], *cert denied sub nom. Ayala v New York*, 522 US 1002 [1997]). The court also accorded any members of defendant's family who wished to attend a suitable opportunity to do so, and defendant's argument to the contrary is without merit.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The evidence supported the conclusion that defendant acted in concert in the drug transaction by, among other things, appearing at the seller's apartment shortly before the scheduled time of the sale, staying in close proximity to the undercover officer making the buy, leaving that apartment and riding in a car with the seller and the undercover officer to the location at which the seller obtained the drugs, telling the undercover officer to advise people looking for the seller that he would be back in half an hour, and looking out of the car windows when the seller brought the narcotics to the undercover officer's car. The evidence did not support any innocent explanation for defendant's course of conduct, which went far beyond mere presence (*see e.g. People v Rodriguez*, 52 AD3d 249 [2008], *lv denied* 11 NY3d 741 [2008]; *People v Chatanova*, 37 AD3d 178 [2007], *lv denied* 8 NY3d 983 [2007]; *People v Williams*, 172 AD2d 448 [1991], *affd* 79 NY2d 803

[1991]). Concur—Tom, J.P., Gonzalez, Buckley, Sweeny and Catterson, JJ.