■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES F. BRUNO, Appellant. [880 NYS2d 777]—

Stein, J. Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered July 25, 2008, upon a verdict convicting defendant of the crimes of burglary in the third degree, burglary in the second degree, possession of burglar's tools, criminal mischief in the fourth degree (two counts), petit larceny, criminal possession of stolen property in the fourth degree (two counts) and criminal possession of a controlled substance in the seventh degree, and the violation of possession of a controlled substance by ultimate users original container.

Defendant was indicted under two separate instruments alleging the commission of a variety of crimes, primarily property-related. The charges included in the first indictment arose out of defendant's conduct in the Town of Putnam, Washington County on December 19, 2007. The second indictment charged defendant with additional crimes, primarily relating to his

conduct in the Town of Hampton, Washington County on December 14, 2007. Following a jury trial, defendant was convicted of the crimes of burglary in the third degree, burglary in the second degree, possession of burglar's tools, criminal mischief in the fourth degree (two counts), petit larceny, criminal possession of stolen property in the fourth degree (two counts) and criminal possession of a controlled substance in the seventh degree, and the violation of possession of a controlled substance by ultimate users original container (*see* Public Health Law § 3345). County Court sentenced defendant to an aggregate prison term of 2 to 6 years on the convictions arising out of the first indictment (plus a $50 fine on the Public Health Law violation), to be followed, consecutively, by an aggregate prison term of 12 years and five years of postrelease supervision on the convictions arising out of the second indictment. Defendant appeals.

Initially, we note that defendant acknowledges that several of his grounds for appeal are not preserved for our review, but argues that we should take corrective action in the interest of justice. Inasmuch as the request that we exercise our interest of justice jurisdiction is premised largely on defendant's claim of ineffective assistance of counsel, we first address the merits of that claim. "So long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met" (*People v Baldi*, 54 NY2d 137, 147 [1981] [citations omitted]; *see People v Stevenson*, 58 AD3d 948, 949-950 [2009]).

Here, despite substantial evidence against defendant, his counsel first negotiated a favorable plea bargain, which defendant rejected. At trial, defendant's counsel cross-examined witnesses and pursued a legitimate defense strategy that focused on the circumstantial nature of the evidence of some of the crimes and attempted to demonstrate the existence of another suspicious individual in the area at the time defendant was found in possession of the stolen items. Counsel also suggested that the amount of time that defendant would have had to commit his last burglary was insufficient for him to have done so, and challenged the value of the stolen property found in defendant's possession. Indeed, defense counsel's strategy was effective with respect to the charge for grand larceny in the fourth degree, as the jury only convicted defendant of the lesser included offense of petit larceny (*see* Penal Law § 155.25).

Nor was counsel's failure to make an effective pretrial

omnibus motion sufficient to warrant a conclusion that his representation was deficient (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Seavey*, 305 AD2d 937, 939 [2003], *lv denied* 100 NY2d 624 [2003]). While County Court properly denied defendant's motion on the ground that it was not supported by any sworn allegations of fact specific to the case (*see* CPL 710.60 [1]; *People v Gruden*, 42 NY2d 214, 215 [1977]; *People v Gadsden*, 273 AD2d 701, 702 [2000], *lv denied* 95 NY2d 934 [2000]), our review of the record also reveals that the requests for relief were of questionable merit. Considering the totality of the circumstances, we find that defendant was afforded meaningful representation at trial (*see People v Stevenson*, 58 AD3d at 949-950; *People v Hutchinson*, 57 AD3d 1013, 1014 [2008]).

In that light, we note that defendant failed to preserve for our review his contention that he was deprived of a fair trial based on the jury selection process, inasmuch as defendant made no objection to the jury selection process or challenge to the individual jurors at the time of trial (*see People v Higgins*, 57 AD3d 1315, 1316 [2008]; *People v Fehr*, 45 AD3d 920, 923 [2007], *lv denied* 10 NY3d 764 [2008]). In any event, we discern no basis for a reversal in the interest of justice (*see* CPL 470.15 [3] [c]). Although the initial responses of several jurors to questions posed by County Court prompted follow-up questions on their ability to be impartial, they ultimately responded with unequivocal assurances of their impartiality (*see People v Button*, 56 AD3d 1043, 1045 [2008], *lv dismissed* 12 NY3d 781 [2009]).

Defendant's contention that the evidence presented at trial was legally insufficient to support many of his convictions was also not preserved, inasmuch as defendant failed to make a specific motion detailing the alleged deficiencies in the People's case (*see People v Coston*, 55 AD3d 943, 945 [2008], *lv denied* 11 NY3d 924 [2009]; *People v Craft* 36 AD3d 1145, 1146 [2007], *lv denied* 8 NY3d 945 [2007]). However, based upon our review of the record, we invoke our interest of justice jurisdiction and modify the judgment by reversing defendant's convictions of criminal possession of a controlled substance in the seventh degree and the violation of possession of a controlled substance by ultimate users original container.

"[I]n a drug-related prosecution, the People's case is legally sufficient if the evidence provides a 'reliable basis' for inferring the presence of a controlled substance" (*People v Swamp*, 84 NY2d 725, 730 [1995], quoting *People v Kenny*, 30 NY2d 154, 157 [1972]). However, conclusory statements by witnesses are insufficient to identify controlled substances as such (*see People v O'Neill*, 285 AD2d 669, 672 [2001]). Here, even viewing the

evidence in the light most favorable to the People, as we must (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Gayle*, 53 AD3d 857, 858 [2008], *lv denied* 11 NY3d 832 [2008]; *People v Carter*, 50 AD3d 1318, 1320 [2008], *lv denied* 10 NY3d 957 [2008]), we find that the People's witnesses offered no basis for their conclusion that the loose pills found in defendant's possession were hydrocodone (*see People v O'Neill*, 285 AD2d at 672). Thus, defendant's convictions of criminal possession of a controlled substance in the seventh degree and possession of a controlled substance by ultimate users original container should be reversed.

To the extent that defendant also argues that his remaining convictions were against the weight of the evidence, we disagree. Defendant did not dispute that he was discovered on December 19, 2007 in a vehicle in close proximity to a burglarized residence with unique items of stolen property, including various wrapped Christmas presents. The tread markings of the footwear worn by defendant on that date matched the footprints found at the location of the December 14, 2007 burglary and defendant testified that he was in the area of that burglary on December 14, 2007. A search of defendant's vehicle and motel room revealed stolen property from the December 14, 2007 burglary, as well as other recent burglaries, and burglar's tools. Each of the victims testified that defendant did not have permission to enter their homes or possess their property and there was evidence of forced entry into each of the burglarized residences. There was also sufficient testimony to establish the aggregate value of the property in defendant's possession at more than $1,000 (*see* Penal Law § 165.45 [1]; *People v Buckley*, 75 NY2d 843, 846 [1990]). Thus, viewing the evidence in a neutral light and giving "appropriate deference to the jury's superior opportunity to assess the witnesses' credibility" (*People v Gilliam*, 36 AD3d 1151, 1152-1153 [2007], *lv denied* 8 NY3d 946 [2007]; *see People v Griffin*, 26 AD3d 594, 596 [2006], *lv denied* 7 NY3d 756 [2006]), even if a different finding would not have been unreasonable, we conclude that the verdict was not contrary to the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348 [2007]; *People v Romero*, 7 NY3d 633, 636 [2006]; *People v Bleakley*, 69 NY2d at 495; *People v Khuong Dinh Pham*, 31 AD3d 962, 964 [2006]).

We are unpersuaded by defendant's contention that the sentence imposed by County Court was unduly harsh and excessive, nor do we find the existence of extraordinary circumstances or a clear abuse of the court's discretion warranting a reduction in the interest of justice (*see People v Cruz*, 53 AD3d 986, 986

[2008]; *People v Lowe*, 53 AD3d 982, 983 [2008]). Defendant had eight prior arrests in Vermont, including a pending burglary charge. The record also establishes that, with respect to the instant crimes, he entered multiple dwellings on separate occasions and stole Christmas gifts, among other things. Significantly, defendant unsuccessfully attempted to convince the jury that his presence at the locations of the burglaries was coincidental, and he continued to deny any criminal activity after his conviction. His persistent denial of guilt and lack of remorse prompted the Probation Department to opine that he was "in need of a serious consequence." In addition, the difference between the sentence imposed and that offered to him as a plea bargain, while substantial, is not so great as to appear vindictive (*compare People v Riback*, 57 AD3d 1209, 1218 [2008], *lv granted* 12 NY3d 790 [2009]).

Defendant's arguments regarding the admission of certain witness testimony were not preserved for appellate review by objection at trial (*see People v Kindred*, 60 AD3d 1240, 1242 [2009]). Defendant's remaining contentions, to the extent not specifically addressed herein, have been considered and found to be without merit.

Spain, J.P., Malone Jr. and Garry, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reversing defendant's convictions of criminal possession of a controlled substance in the seventh degree and possession of a controlled substance by ultimate users original container under counts six and seven of the indictment; dismiss said counts and vacate the sentences imposed thereon; and, as so modified, affirmed.