OPINION OF THE COURT
Raymond E. Aldrich, Jr., J.
Defendant was convicted after jury trial of two crimes of assault in the second degree and one crime of resisting arrest as the result of an altercation with New York State Police troopers, and he now moves for an order pursuant to CPL 330.30 setting aside the verdict of the jury on the ground that this court’s refusal to submit to the jury for their consideration as a lesser included offense the crime of assault in the third degree, in violation of subdivision 3 of section 120.00 of the Penal Law was an error which, if raised upon appeal, would require a reversal or modification of the judgment as a matter of law.
The motion is opposed by the People who contend that the court’s denial of defendant’s request was proper.
The crimes for which the defendant was indicted have as an essential element thereof the intent to prevent a police officer from performing a lawful duty, and in so doing causing physical injury to such police officer. The provisions of subdivision 3 of section 120.05 of the Penal Law are directed only at acts involving police officers and other specified related public officials, and in substance describes a crime upon victims falling within a limited class.
*786 The court declined to charge as requested holding that the statutory scheme of article 120 of the Penal Law evinced a legislative intent to treat assaults directed at police officers and other public officers as more serious crimes than assaults directed at individuals not having such status. For example, an intentional assault directed at a police officer causing him physical injury is a class D felony (Penal Law, § 120.05, subd 3); by contrast an intentional assault directed at a person who is not a police officer or not within the group described in subdivision 3 of section 120.05 of the Penal Law which results in physical injury is only a class A misdemeanor. It is obvious that the Legislature intended that police officers as well as other public officials whose public duty places them in the difficult position of being exposed to possible crimes or assaults, be afforded greater protection by the, creation of a greater determent in terms of potential penalties for those who commit such assaults. To deter such an assaultive conduct, the Legislature in its wisdom has made it a crime of a higher order than an assault on an ordinary citizen which causes physical injury. The lesser crime requested by the defendant does not have as an element thereof an assault directed specifically at a police officer, and in the absence of that essential element, this court declined to submit said lesser crime, as such would denigrate the legislative policy as manifested by this statutory scheme to permit the jury to consider as a lesser count an assault in the third degree when the assault is directed at any person of the special class of persons covered by subdivision 3 whose profession subjects them to daily exposure of loss of life. There is no question that the officers who were the subjects of the assaults were police officers acting in a lawful manner in the performance of their police duties. Assaults directed at them in that capacity could not be concomitantly committed as a lesser crime of criminally negligent assault (Penal Law, § 120.00, subd 3) as requested by defendant as it does not encompass an assault directed at a police officer. As no reasonable view of the evidence would permit a finding that the individuals concerned were not police officers, the submission of the request of a lower charge was not warranted or permissible.
*787 The only lesser inclusory count to those crimes charged in the first two counts of the indictment (assault in the second degree) is that charged in the third count, namely, resisting arrest, in violation of section 205.30 of the Penal Law wherein it is alleged defendant intentionally attempted to prevent a police officer from effectuating an authorized arrest. That offense like the crime of assault in the second degree is one enacted for the benefit of a peculiar class of people, in this instance, police officers. As this lesser crime was separately charged in the indictment, it was not necessary to submit it to the jury as a lesser included crime under the first two counts.
Accordingly, the motion is denied.