OPINION OF THE COURT
Stephen G. Crane, J.
The defendant moved to have the court inspect the Grand Jury minutes. I did so and directed release of pages 13 and 14 of *2 the minutes to enable the parties to argue the sufficiency of the count charging assault, second degree. I reserved decision on that question.
This is one of the few nonhomicide cases presenting an issue of causation. (See also, People v Gladden, 118 Misc 2d 831 [Sup Ct, Kings County 1983].) Defendant is charged under Penal Law § 120.05 (3), with assault, second degree:
“A person is guilty of assault in the second degree when * * *
“3. With intent to prevent a * * * police officer * * * from performing a lawful duty, he causes physical injury to such * * * police officer”.
The Grand Jury testimony pertinent to this charge was that Police Officer Hippie attempted to arrest defendant as a coconspirator in a drug bust. When the officer announced that defendant was under arrest, defendant ran. Hippie pursued, grabbed defendant and struggled with him. During the struggle defendant reached into his jacket pocket. Hippie pulled defendant’s arm out of the pocket. Thinking that defendant had a gun, Hippie put his own hand into defendant’s jacket pocket cutting himself on a serrated kitchen knife resting there.
Other than his resisting arrest, there is nothing defendant himself did to cut the officer with the knife. Therefore, I asked the parties to address the issue of causation. No case drawn to my attention resolves this issue. The case these facts most closely approach is People v Wheeler (36 AD2d 549 [3d Dept 1971]).[1] There, the defendant attempted to escape from custody. The officer tried to recapture him but fell to the ground injuring his wrist and knee. If the facts ended there Wheeler would be comparable to the case at bar. But, in Wheeler the pursuit continued, and in the struggle defendant’s feet struck the officer causing further injuries. At bar, none of defendant Rakusz’s actions directly injured Hippie in a similar fashion.
Thus, we must assess whether defendant’s attempt to put his hand in his pocket — indeed his success in doing so — to which Officer Hippie reacted by placing his own hand in that pocket, was a cause of injury for which defendant is criminally responsible.
In the murder context, it has been said that the defendant’s conduct must be an actual cause “in the sense that it forged a link in the chain of causes which actually brought about the death”. (People v Stewart, 40 NY2d 692, 697.) It has also been *3 held that the defendant’s conduct must be a sufficiently direct cause for criminal liability to attach; that this is a greater standard than exists for mere tort liability; and that the ultimate harm must have been foreseeable. (People v Kibbe, 35 NY2d 407, 412-413.)[2]
In the case at bar, defendant’s actions were not the direct cause of injury because the officer’s own action in going into the defendant’s pocket, though reactive to defendant’s efforts in that direction, was the direct, intervening cause of his own injury. Yet, by requiring a cause to be direct, the law does not rule out such interventions. Most recently illustrating this principle, the Court of Appeals upheld convictions where defendants’ criminal conduct brought on cardiac problems resulting in death. (Matter of Anthony M., 63 NY2d 270.) Judge Kaye, writing for the court on this point, rejected arguments that causation was inadequately established:
“For criminal liability to attach, a defendant’s actions must have been an actual contributory cause of death * * * A defendant’s acts need not be the sole cause of death; where the necessary causative link is established, other causes, such as a victim’s preexisting condition, will not relieve the defendant of responsibility for homicide * * * By the same token, death need not follow on the heels of injury. Even an intervening, independent agency will not exonerate defendant unless ‘the death is solely attributable to the secondary agency, and not at all induced by the primary one’ * * * but that is not to say that a victim who evidences no immediate decline cannot just as surely have been set by defendant’s acts on a certain course to death * * *
“To establish a causal connection, conclusions which are only ‘contingent, speculative, or merely possible’ * * * will not suffice, but neither is absolute certainty and the exclusion of every other possibility required.” (Matter of Anthony M., supra, at pp 280-281; see also, People v Lozano, 107 Misc 2d 345 [Sup Ct, NY County 1980, Lang, J.], sustaining the sufficiency of an indictment for felony murder of a fireman who suffered a fatal heart attack while responding to a fire that defendant had set in his mother’s apartment.)
*4 Another approach to the problem of divining whether an effect has been caused by a defendant was suggested by Professor Paul K. Ryu in Causation in Criminal Law (106 U Pa L Rev 773 [1958]). It was his thesis that the purpose of the legal provision governing the particular crime ought to determine what test to apply in assessing causation. (Id., at 802.) Clearly, Penal Law § 120.05 (3) was intended as a deterrent to those who would interfere with the performance by police officers of their lawful duties and as a special protection to these guardians of public safety. (People v Praetz, 111 Misc 2d 785, 786 [Dutchess County Ct 1981].)
Returning our attention to the case at bar, we can now answer whether defendant is prima facie[3] criminally responsible for Police Officer Hippie’s physical injury. Defendant did nothing directly with the instrument that inflicted the injury. If he had, there would obviously have been causation. On the opposite end of the spectrum, defendant could scarcely be held criminally responsible had the injury occurred during a frisk after the defendant had been subdued and cuffed. This would in no way have occurred in the course of his resisting arrest and would be a result beyond the protective policy of Penal Law § 120.05 (3). Indeed, it would have been a result uninfluenced by any action initiated by defendant. The facts at bar fall between these extremes. Defendant, during his resistance, attempted to place his hand in his pocket. I conclude that it was foreseeable that Officer Hippie would try to prevent him from extracting a weapon from that pocket. Among the foreseeable ways in which Officer Hippie would bend his efforts was that the officer would place his own hand in the pocket during the struggle. Therefore, it cannot be said that Officer Hippie’s intervening conduct, instigated as it was by defendant’s action, was the sole cause of his injury so as to relieve defendant of criminal responsibility. (Matter of Anthony M., supra.)
The motion to dismiss the assault count of indictment No. 3815/84 is denied.

. That court affirmed a conviction after trial for assault, second degree, and rejected an argument that the People had failed to prove causation beyond a reasonable doubt.

. Convictions for murder were upheld. The court rejected an argument that a superseding cause relieved defendants from criminal responsibility for the death. The defendants, bent on stealing his money, offered the drunk decedent a ride. After taking his money, they ejected him from the car on the side of a rural road. He was ill clad. The temperature was zero. Defendants had retained his eyeglasses. He wound up sitting in the middle of the road where death came when he was struck by a truck whose driver did not see decedent in time.

. On a motion addressed to the sufficiency of the Grand Jury minutes (CPL 210.20 [1] [b]; 210.30), the test is whether the legally competent and admissible evidence, if unexplained and uncontradicted, would sustain a conviction. (CPL 70.10 [1]; 190.65 [1]; People v Dunleavy, 41 AD2d 717, affd 33 NY2d 573; People v Ward, 37 AD2d 174,176; cf. People v Warner-Lambert Co., 51 NY2d 295, 298, cert denied 450 US 1031.)