■ In the Matter of SAM COOPER, Petitioner, v GERALD SHEINDLIN et al., Respondents.—Application by the petitioner Sam Cooper for an order pursuant to CPLR article 78, prohibiting his trial for murder under Bronx indictment No. 2980/86, is unanimously denied, and the cross motion by additional respondent District Attorney of Bronx County for an order dismissing the petition granted, without costs or disbursements.

Petitioner Sam Cooper is charged in Bronx indictment No. 2980/86, *inter alia,* with two counts of murder in the second degree, count one alleging that he intentionally murdered one William Graham and count two alleging that he intentionally murdered one Billy Shuff.

Petitioner seeks dismissal of that indictment on the ground that trial of these charges would violate his rights against double jeopardy under the 5th Amendment to the US Constitution and under CPL 40.20 (1). He asserts he was previously

tried in the United States District Court for the Southern District of New York upon an indictment which charged him with racketeering in violation of 18 USC § 1961 (1) and (5) and specifically with the murder of William Graham in violation of New York State law (count one, act of racketeering three) and with the murder of Billy Shuff in violation of New York State law (count one, act of racketeering four). Petitioner was found not guilty of the crimes charged.

To convict someone of a violation of the Federal Racketeer Influenced and Corrupt Organizations Act ([RICO] 18 USC §§ 1961-1968) the government must prove, *inter alia,* the existence of an "enterprise" (18 USC § 1961 [4]) as well as a pattern of "racketeering activity" (18 USC § 1961 [1]; *see,* 18 USC § 1962). Thus, reference to State law is only necessary to identify the type of unlawful activity in which the defendant engaged. The RICO statute does not charge the commission of the predicate crimes that comprise the pattern of racketeering activity but, rather, the furthering of a criminal enterprise by a pattern of racketeering activity *(see, United States v Phillips,* 664 F2d 971, 1014, *cert denied sub nom. Myers v United States,* 457 US 1136, *sub nom. Platshorn v United States,* 459 US 906). Consequently, a defendant may be punished both for a violation of the Federal RICO statute as well as for the predicate crimes that constitute the pattern of racketeering activity. Accordingly, while petitioner was acquitted of the RICO charges in Federal court, he may be prosecuted for the acts that served as the predicate for the alleged pattern of racketeering activity in the RICO prosecution, since these acts constitute completely separate and distinct crimes under New York law.

The prosecution of petitioner at the State level also does not violate the double jeopardy provisions of CPL 40.20, since the Federal RICO statute and the State homicide statute have substantially different elements, and are clearly distinct crimes *(see,* CPL 40.50 [9]). Concur—Murphy, P. J., Sullivan, Ross, Asch and Wallach, JJ.