OPINION OF THE COURT
 

 Levine, J.
 

 The primary issue on this appeal requires us to decide whether, under New York’s statutory double jeopardy provision (CPL 40.20), the prosecution of certain offenses contained in a State indictment is barred by the prior prosecution of a Federal indictment where, concededly, both prosecutions are based upon a single criminal transaction. For the reasons that follow, we conclude that the three challenged State offenses fall within the exception set forth in paragraph (b) of CPL 40.20 (2) and, thus, the sequential State prosecution was lawful.
 

 I.
 

 On the morning of June 18, 1993, codefendants Michael Jones, Dennis Sims and John Bryant committed an armed rob
 
 *225
 
 bery at the Marine Midland Bank in Pearl River, New York. After emptying the teller drawers of cash, the defendants absconded in a maroon Buick Le Sabre.
 
 [1]
 
 Police Officer Steven Gentile pursued, and a confrontation occurred in a nearby school parking lot during which gunfire was exchanged. Defendants again fled, pursued by the officer and other officials from local, State and Federal agencies and, during the ensuing high speed chase, shots were repeatedly fired from defendants’ vehicle at the pursuing authorities. Ultimately, defendants were apprehended.
 

 Defendants were charged in a Federal indictment with: (1) bank robbery (18 USC § 2113 [a]; § 2); (2) assaulting and placing in jeopardy the lives of persons by the use of dangerous weapons during the course of that robbery (18 USC § 2113 [d]; § 2); (3) using and possessing certain firearms during the commission of a crime of violence punishable under Federal law (18 USC § 924 [c]; § 2); and (4) conspiracy against the United States (18 USC § 371). Following a trial in United States District Court for the Southern District of New York, defendant Bryant was convicted on all four counts. Defendant Sims pleaded guilty to all four counts. Defendant Jones pleaded guilty to count two and to a lesser included offense of count four.
 

 A State Grand Jury in Rockland County thereafter handed up an 18-count indictment stemming from the same occurrence underlying the Federal charges. Pertinent here, count one of the State indictment charged all three defendants, acting individually and in concert, with the attempted murder of Officer Gentile during the course of performing his official duties (Penal Law §§ 110.00, 125.27 [1] [a] [i]), and counts 17 and 18 charged defendants with the knowing possession of certain firearms which had been defaced for the purpose of concealment, prevention of the detection of a crime, or misrepresentation of the identity of the weapon (Penal Law § 265.02 [3]).
 
 [2]
 

 Each of the defendants moved for dismissal of the State indictment on the ground that prosecution was barred by statu
 
 *226
 
 tory double jeopardy (CPL 40.20 [2]) because all of the offenses were based upon the “same criminal transaction” (CPL 40.10 [2]). County Court granted defendant’s motions to dismiss counts 2 through 16. The court, however, denied defendant’s motions to dismiss counts 1, 17 and 18, concluding that the prosecution of defendants for those offenses fell within an exception to the statutory bar against a second prosecution
 
 (see,
 
 CPL 40.20 [2] [b]).
 

 Following a trial on the three remaining counts, defendants Jones and Sims were acquitted of the charge of attempted murder in the first degree, but convicted of the two criminal weapons possession counts for possessing both a defaced Intratec TEC-9 9 millimeter pistol and a defaced RG-40 .38 caliber revolver. Defendant Bryant was found guilty of attempted assault in the second degree (as a lesser included offense of first degree attempted murder [Penal Law § 120.05 (1);
 
 see also, People v Cabassa,
 
 79 NY2d 722, 729,
 
 cert denied sub nom. Lind v New York,
 
 506 US 1011]), as well as the two counts of criminal weapons possession involving the TEC-9 pistol and the RG-40 revolver.
 

 Each defendant was sentenced as a predicate felon, on the two weapons possession counts, to two indeterminate terms of from 3V2 to 7 years, each sentence to run consecutive to the other, and to the Federal sentence previously imposed. Defendant Bryant received an additional indeterminate term of 2 to 4 years on his conviction of second degree attempted assault, to run consecutive to the sentence imposed on the criminal weapons possession counts. On appeal to the Appellate Division, that Court affirmed the convictions and sentences in separate memoranda
 
 (see, People v Jones,
 
 242 AD2d 641;
 
 People v Sims,
 
 242 AD2d 642;
 
 People v Bryant,
 
 242 AD2d 637). A Judge of this Court granted each defendant leave to appeal.
 

 In their principal contentions before us, all three defendants renew their statutory double jeopardy challenge to the subsequent State prosecution. In addition, defendants Jones and Sims argue that their State sentences on the weapons possession convictions should not have been imposed to run consecutively to each other, or to the Federal sentence.
 

 II.
 

 CPL 40.20, New York’s statutory double jeopardy provision, generally prohibits successive prosecutions for two offenses based on a single act or criminal transaction
 
 (see, People v Abbamonte,
 
 43 NY2d 74, 81;
 
 see also, Matter of Schmidt v Roberts,
 
 
 *227
 
 74 NY2d 513, 517;
 
 Matter of Abraham v Justices of N. Y. Supreme Ct.,
 
 37 NY2d 560, 565). One of the exceptions to the statutory bar permits sequential prosecutions for offenses arising from the same criminal transaction if “[e]ach of the offenses as defined contains an element which is not an element of the other, and the statutory provisions defining such offenses are designed to prevent very different kinds of harm or evil” (GPL 40.20 [2] [b];
 
 see also, Matter of Kessler v Sherman,
 
 41 NY2d 851).
 

 The first prong of the exception under CPL 40.20 (2) (b) thus requires a comparison of the Federal and State charges at issue to determine whether each of the Federal offenses contains an element which is not an element of any State offense, and vice versa. As defined, the offense charged in count one of the Federal indictment required the Government to prove that defendants forcefully or violently took, from the person or presence of another, money or property in the possession of a
 
 Federal bank
 
 or other institution whose deposits are
 
 Federally insured (see,
 
 18 USC § 2113 [a];
 
 see also, United States v Sebetich,
 
 776 F2d 412, 426,
 
 reh denied
 
 828 F2d 1020;
 
 United States v Trevino,
 
 720 F2d 395, 400;
 
 United States v Brown,
 
 616 F2d 844 [Federally insured status of funds is an essential element of the crime on which the jury should be instructed]; 2 Federal Jury Practice and Instructions [Criminal] § 49.02, at 736; § 49.03, at 737-741 [4th ed 1990]).
 

 Count two required proof that, in the course of committing the robbery of a Federally insured institution, defendants assaulted or put in jeopardy the life of any person by the use of a dangerous weapon
 
 (see,
 
 18 USC § 2113 [d];
 
 United States v Nelson,
 
 574 F2d 277,
 
 cert denied
 
 439 US 956;
 
 see also, United States v Burnette,
 
 698 F2d 1038 [use of a gun in the commission of the robbery was an essential element of the offense under § 2113 (d)],
 
 cert denied
 
 461 US 936; 2 Federal Jury Practice and Instructions [Criminal] § 49.05, at 742; § 49.06, at 744-749; Pattern Criminal Jury Instructions, Report of Subcommittee [tit 18 Offenses] § 105, at 145-146 [Fed Jud Cntr 1988]).
 

 Count three of the Federal indictment required the Government to establish that defendants used or carried a firearm while committing a felony “for which he may be
 
 prosecuted in a court of the United States” (see,
 
 18 USC § 924 [c] [emphasis supplied]; 2 Federal Jury Practice and Instructions [Criminal] § 49.05, at 743). Finally, in prosecuting defendants for conspiracy under count four of the indictment, the Government was
 
 *228
 
 required to prove the existence of an agreement to commit a Federal crime, that defendants intentionally joined in this agreement and that they did one of the overt acts charged in the indictment for the purpose of carrying out the conspiracy
 
 (see,
 
 18 USC § 371;
 
 see also, United States v Velez,
 
 652 F2d 258, 261-262; Pattern Criminal Jury Instructions,
 
 op. cit.,
 
 § 62, at 77-79).
 

 The statutory elements of the three counts in the State indictment on which defendants were tried are markedly different. As charged in count one, the People, in order to obtain a conviction of the attempted murder of Officer Gentile, were required to prove that defendants, with the intent to cause the death of a police officer during the performance of his official duties, engaged in conduct which “tend[ed] to effect” (Penal Law § 110.00) the death of a police officer (Penal Law § 125.27 [1] [a] [i];
 
 see also,
 
 2 CJI[NY] PL 110.00, at 46-50). Additionally, the People had to establish that defendants knew, or reasonably should have known, that the intended victim was a police officer
 
 (see,
 
 Penal Law § 125.27 [1] [a] [i]; 2 CJI[NY] PL 125.27 [1] [a] [i], at 240-244;
 
 see also,
 
 Penal Law § 15.05 [1], [2] ; CPL 1.20 [34]).
 

 With respect to the offense charged in counts 17 and 18, the prosecution was required to prove not only that each of the defendants knowingly possessed a weapon, but also that the weapon had been defaced for the purposes of concealment, prevention of the detection of a crime or misidentification of the firearm, and that each defendant was aware of such defacement
 
 (see,
 
 Penal Law § 265.02 [3]; 3 CJI[NY] PL 265.02 [3], at 2223-2225).
 

 As the foregoing demonstrates, each of the Federal crimes committed by defendants contained an element that is not an element of any of the State crimes for which defendants were prosecuted. Counts one and two of the Federal indictment relate to the armed robbery of Marine Midland Bank and require, respectively, proof of a
 
 forceful or violent taking from a Federally insured institution,
 
 and an
 
 assault or act of violence by the use of a dangerous weapon
 
 or device
 
 in connection with that Federal robbery,
 
 elements not required in any of the three State counts. Under count three, one of the elements was the commission of a crime
 
 punishable under Federal law.
 
 And, under the conspiracy charge contained in count four, one of the elements was
 
 an agreement to commit a Federal bank robbery.
 

 By comparison, both State counts of weapons possession require, as an essential element of the crime, that defendants
 
 *229
 

 knowingly
 
 possessed the
 
 defaced
 
 TEC-9 pistol and the RG-40 revolver. None of the Federal weapons charges contains an element of defacement. Lastly, the crime of attempted first degree murder charged here required proof of an additional element with respect to the intended victim, i.e., a “police officer * * * who was at the time * * * engaged in the course of performing his official duties” (Penal Law § 125.27 [1] [a] [i]). The status of the victim is not an element of any of defendants’ Federal offenses.
 
 [3]
 

 A comparison of the purposes of the Federal and State crimes at issue here also reveals that the second prong of the statutory exception is met, in that the kinds of harm or evil sought to be regulated under the Federal and State statutes are “very different” (CPL 40.20 [2] [b]). The purposes of the Federal crimes for which defendants were charged are “the protection of financial institutions in which the government has an interest” (2 Federal Jury Practice and Instructions [Criminal] § 49.02, at 736), and the deterrence of the use of weapons in connection with crimes against such institutions
 
 (see, United States v Johnson,
 
 401 F2d 746; Comprehensive Crime Control Act of 1984, Pub L 98-473, 98 US Stat 1837, 2138;
 
 see also, United States v Beasley,
 
 438 F2d 1279).
 

 Each State weapons offense committed by defendants, in contrast, was intended to curtail the availability of defaced firearms which prevent the identification and detection of crime, and the trafficking of such firearms in the marketplace (see, Sponsor’s Mem in Support, Bill Jacket, L 1987, ch 695 [“obliteration of the serial number or other identifying characteristics makes tracing the weapon virtually impossible”]; see
 
 also,
 
 Mem of Div of State Police, 1987 McKinney’s Session Laws of NY, at 2547 [“This act will deter the theft of rifles and shotguns and give police officers authority to arrest people in possession of (defaced) rifles and shotguns that unquestionably have been stolen”]).
 

 Similarly, the substantive homicide offense that defendants were charged with attempting to commit focuses exclusively on the prevention of the killing of police officers, a class of especially vulnerable persons by the nature of their duties, deserving of enhanced protection as guardians of the public safety
 
 *230
 
 (see, Penal Law § 125.27 [1] [a] [i]; see
 
 also,
 
 Penal Law § 120.05 [3];
 
 People v Praetz,
 
 111 Misc 2d 785). Clearly, prevention of this evil is neither addressed by, nor embraced within, the Federal provisions at issue here
 
 (compare, Matter of Schmidt v Roberts, supra,
 
 74 NY2d, at 522 [CPL 40.20 (2) (b) inapplicable where the Federal crime and the State crime “are both designed to punish thieves and to protect property owners from thefts”];
 
 Matter of Wiley v Altman, 52
 
 NY2d 410, 414 [CPL 40.20 (2) (b) inapplicable where the statutory provisions in each jurisdiction were directed at the same goal, i.e., “punishment for the unlawful taking of a
 
 particular
 
 human life”] [emphasis supplied]).
 

 Moreover, the State prosecution for attempted murder is not defeated here because the Federal indictment alleged that, as part of the criminal venture, defendants “assaulted” persons, “put in jeopardy” the lives of persons and, as an overt act of the criminal conspiracy, “fired numerous shots at police officers who pursued the defendants as they fled from the robbery.” In this regard, defendant Bryant’s reliance on
 
 People v Abbamonte
 
 (43 NY2d 74,
 
 supra)
 
 is misplaced, as that case merely defined, in the context of a prior conspiracy prosecution, the phrase “same criminal transaction”
 
 (id.,
 
 at 84-85). Concededly, under
 
 Abbamonte,
 
 the same criminal transaction was involved here with respect to both Federal and State prosecutions, thus triggering application of the statutory double jeopardy provision. However,
 
 Abbamonte
 
 did not involve, and does not at all address, the double jeopardy exception (CPL 40.20 [2] [b]) which we have determined to be controlling here.
 
 [4]
 

 III.
 

 We similarly reject the argument, pressed upon us by defendants Jones and Sims, that the sentences imposed on the two State weapons possession convictions must run concurrently to each other, and to the Federal convictions, because all of those offenses were committed “through a single criminal act.”
 

 Section 70.25 (2) of the Penal Law provides that concurrent sentences must be imposed when two or more offenses are com
 
 *231
 
 mitted through a single act, or through an act which itself constituted one of the offenses and also was a material element of the other (Penal Law § 70.25 [2]; Penal Law § 15.00 [1];
 
 see also, People v Laureano,
 
 87 NY2d 640). Where, however, separate or successive acts have occurred in the course of a single criminal transaction, and neither is, by definition, a material element of the other, the trial court retains its discretionary consecutive sentencing authority (see,
 
 People v Day,
 
 73 NY2d 208, 210-211).
 

 Under
 
 Laureano,
 
 in determining whether concurrent sentences are mandated, the analysis required is whether the
 
 actus reus
 
 elements in both of the committed offenses, as defined, are the same, or if the
 
 actus reus
 
 for one offense is, by definition, a material element of the other (see,
 
 People v Laureano, supra,
 
 at 643). As to the consecutive sentencing here for the State weapons convictions, neither is the
 
 actus reus
 
 element the same for both offenses, nor is the
 
 actus reus■
 
 element of one offense, as defined, a material element of the other
 
 (see, People v Laureano, supra,
 
 87 NY2d, at 643).
 

 Defendant Jones and defendant Sims were each charged and convicted of physically possessing one of the two defaced firearms, and aiding and abetting the other to physically possess the second defaced weapon. The
 
 actus reus
 
 of the one charge is the physical possession of a specific defaced weapon. The
 
 actus reus
 
 of the other charge is aiding and abetting a codefendant’s possession of the other such weapon. Thus, as to each of the weapons possession offenses for which defendants were held criminally responsible, the
 
 actus reus
 
 elements are entirely separate and distinct, and the
 
 actus reus
 
 of neither offense constitutes, in and of itself, a statutory element of the other. Nor, on these facts, was there any such identicalness of
 
 actus reus
 
 elements with respect to the various Federal bank robbery offenses.
 

 We have considered defendants’ remaining contentions, and conclude that none warrant reversal.
 

 Accordingly, in each case, the order of the Appellate Division should be affirmed.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Ciparick and Wesley concur.
 

 In each case: Order affirmed.
 

 [2]
 

 . Counts 2 through 13 of the State indictment charged defendants with various acts of reckless endangerment in the first degree (Penal Law § 120.25) for their conduct during the robbery and flight, and counts 14 through 16 charged defendants with third degree criminal possession of loaded weapons (Penal Law § 265.02 [4]).
 

 [3]
 

 . A fortiori, since each of the offenses contains an element which the others do not, they are not the “same offense” under
 
 Blockburger v United States
 
 (284 US 299) and, thus, any claim of constitutional double jeopardy necessarily fails.
 

 [4]
 

 . The double jeopardy claims in defendant Bryant’s brief relate exclusively to the State counts on which he was indicted, namely, attempted murder in the first degree and third degree criminal weapons possession. With respect to the lesser included offense of second degree attempted assault for which he was convicted, his only specific challenges were to the legal sufficiency of the evidence, and various other alleged irregularities at trial, none of which have any merit.