■ The People of the State of New York, Respondent, v Vincent Everrett, Appellant. [704 NYS2d 23] —Judgment, Supreme Court, Bronx County (Robert Straus, J.), rendered January 9, 1997, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 7 years to life, unanimously affirmed.

By failing to request any remedy, defendant has failed to preserve his claim that the jury was improperly permitted to view his main alibi witness being followed out of the courtroom by readily identifiable detectives, and we decline to review it in the interest of justice. Were we to review this claim, we would find that, to the extent the existing record permits review, this occurrence was innocuous and could not have caused any prejudice. Moreover, defense counsel made a strategic decision, which was in no way compelled by what had just occurred, to place the fact of the alibi witness's outstanding bench warrant before the jury by recalling her to the stand and questioning her about the two men who departed the courtroom when she did. Defense counsel was aware, and cautioned by the trial court, that the result of such inquiry would be to make the jury aware that the witness was in custody. Thus, defendant waived his right to claim that the action of the detectives was prejudicial (see, People v McPherson, 198 AD2d 119, lv denied 82 NY2d 927).

Defendant's argument that the prosecutor's elicitation of the underlying facts of the case resulting in the bench warrant went beyond the scope of redirect is likewise unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find this recross-examination to be appropriate given the sequence of events (see, People v Melendez, 55 NY2d 445). Concur—Rosenberger, J. P., Williams, Rubin, Saxe and Buckley, JJ.