People v Scott T. (2004 NY Slip Op 50145(U))

[*1]

People v Scott T.

2004 NY Slip Op 50145(U)

Decided on March 15, 2004

Supreme Court, Bronx County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 15, 2004

Supreme Court, Bronx County
 The People of the State of New York, Plaintiff,
against
SCOTT T.,[FN1] 
 Defendant.
Indictment No. 396/2001

For the People of the State of New York: Honorable Robert T. Johnson, District Attorney of Bronx County, New York, By: Thomas Kapp, Esq., Assistant District Attorney. For Scott T.: Anthony Ventura, Esq.

Dominic R. Massaro, J.
In this homicide trial, the People move to preclude defense counsel from questioning a certain prosecution witness, one Brian Boyle, as to whether the District Attorney ever prosecuted him for two murders. These crimes formed a part of "racketeering activity" underlying a prior plea of guilty by the witness in Federal court to 18 U.S.C. § 1962 (c), a so called Racketeer Influenced and Corrupt Organizations Act (hereinafter "RICO") violation. The People argue that the District Attorney could not have been allowed to prosecute Mr. Boyle for those two murders because to do so would have violated his protection against double jeopardy (see U.S. Const. Amend. V; N.Y. Const. Art. I, § 6; CPL Art. 40), he having already admitted to committing these murders in his RICO guilty plea. The motion is denied. 
Factual Setting
On April 21, 1998, Brian Boyd pled guilty in the United States District Court for the Southern District of New York to violating 18 U.S.C. § 1962 (c) (Information Number S3-97-CR-1293-MGC). In the course of his plea, Mr. Boyd admitted that he was a member of the criminal enterprise "Sex, Money and Murder" from 1994 to February, 1998. Mr. Boyd further admitted that he conducted and participated in the affairs of that enterprise through the commission of a number of acts of racketeering, including the murders of Tony Morton and Efraim Solar, both of which occurred in Bronx County. 

During the trial of the within Defendant, Mr. Boyd was called as a witness by the People. In the course of his cross-examination, defense counsel inquired into the witness's previous RICO admissions to murdering Messrs. Morton and Solar. After admitting to the two murders, defense counsel asked him, "And you haven't been indicted by the Bronx D.A.'s Office for [*2]murder have you?" (Transcript at 628). The People objected.
The People argue that because these two murders were underlying acts of racketeering in the witness's guilty plea to RICO, he has already been prosecuted for these crimes, and, therefore, pursuant to CPL § 40.20, he cannot be prosecuted for them again by the District Attorney. In support of this contention, they rely on the Court of Appeals decisions in People v. Vera, 47 N.Y.2d 825 (1979), People v. Abbamonte, 43 N.Y.2d 74 (1977), and Matter of Abraham v. Justices of the New York Supreme Court of Bronx County, 37 N.Y.2d 560 (1975). In each of these cases, it was held that a defendant who pled guilty in Federal court to a conspiracy to distribute narcotics (21 U.S.C. § 826/841-43) could not later be prosecuted by the State for the underlying drug sales that formed a part of that conspiracy. The People further argue that RICO is likewise a conspiracy statute, and this witness's guilty plea specifically allocuted the committing the aforementioned murders.
Defendant responds by claiming that in those cases, the defendants could not have committed the conspiracy to possess and sell drugs without actually possessing and selling the drugs. Noted on the other hand is that the offense of Murder in the Second Degree (Penal Law § 125.25 [1]) has substantially different elements than the Federal RICO statute. Specifically, RICO is a prohibited enterprise corruption statute and not a murder statute; it is neither geared towards any specific type of crime, nor does it allow a defendant to get a "free pass" for the overt acts that formed the pattern of racketeering activity. Rather, a state is still allowed to prosecute for these underlying acts. Also noted is that there were a number of racketeering acts cited in the witness's RICO plea, not just the aforementioned acts of murder.
Initially, the Court observed that pursuant to CPL § 40.50 (9), a prosecution for murder could proceed even when it constituted one of the acts of racketeering for which a defendant had already been convicted for RICO, and such a prosecution does not violate the constitutional prohibition against double jeopardy nor any portion of CPL Article 40. Indeed, the People conceded that this statute and case-law would foreclose their aforementioned argument. See Matter of Cooper v. Sheindlin, 154 A.D.2d 288 (1st Dept. 1989), lv. denied, 75 N.Y.2d 705 (1990).
Defense counsel thereafter inquired:

DEFENSE COUNSEL:Sir, yesterday on direct examination and on my cross you admitted to participating in the murders of Tony Morton, that would be the fellow in the white car?
WITNESS:Yes.
DEFENSE COUNSEL:You also participated in the murder during the course of a robbery of a gold chain, the murder of Mr. Estwich, of Darley Estwich?
WITNESS:Yes.
DEFENSE COUNSEL:Also the murders of Efraim Solar and David Mullins in the project football game back in '97; is that [*3]right?
WITNESS:Yes.
DEFENSE COUNSEL:And those murders took place right here in the Bronx; is that right?
WITNESS:Yes.
DEFENSE COUNSEL:And since you have been arrested, since 1998, you have never been prosecuted or indicted, lets say accused, of these murders by the Bronx District Attorney's Office, have you?
WITNESS:Not that I know of, no.
DEFENSE COUNSEL:If you were, you would know, right?
WITNESS:Yeah.
(Transcript at 709-10).
Later, on re-direct examination, the People engaged in the following questioning:

ASST. DIST. ATTY.:Mr. Boyd, Mr. Ventura just asked you today about some of the crimes that you participated in, that it's your understanding that you wouldn't be prosecuted by the Bronx District Attorney's Office; is that right?
WITNESS:Yes.
ASST. DIST. ATTY.:Are you getting a pass on those crimes?
WITNESS:No, I been charged with them.
(Transcript at 715).
Discussion
Both the Fifth Amendment to the United States Constitution and Article One, Section Six of the New York State Constitution provide that no person shall twice be put in jeopardy for the same offense. This constitutional protection does not apply to the case at bar for two reasons. First, "[u]nder the 'dual sovereignties' doctrine, successive State and Federal prosecutions based on the same transaction or conduct do not offend the double jeopardy prohibition." Abbamonte, supra at 81. See generally, Bartkus v. Illinois, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959); Matter of Abraham, supra. Second, since each offense contains an element which the other does not, they are different, and not the same, offenses. See Blockburger v. United Sates, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed.2d 306 (1932).

Additionally, this constitutional protection has been statutorily extended by the Legislature with the passage of Article Forty of the Criminal Procedure Law. CPL § 40.20 "prohibits a second prosecution to be based on the same transaction [and not just offense] as a former one." Matter of Abraham, supra at 565. However, in so doing, eight exceptions to this [*4]same transaction test have been enacted. Three are relevant to the case at bar: "(a) The offenses as defined have substantially different elements and the acts establishing one offense are in the main clearly distinguishable from those establishing the other; or (b) Each of the offenses as defined contains an element which is not an element of the other, and the statutory provisions defining such offenses are designed to prevent very different kinds of harm or evil; or . . . (h) One of such offenses is . . . racketeering in violation of federal law or any comparable offense . . . and a separate or subsequent prosecution is not barred by section 40.50 of this article." CPL § 40.20 (2). It should be noted that this last exception was enacted in 1986, after all three of the cases initially relied upon by the People were decided. In addition, unlike those cases, this exception involves the crime of racketeering and not the crime of conspiracy to distribute narcotics.
In any event, CPL § 40.50, which was also enacted in 1986, states that:

(9) A person who has been previously prosecuted for racketeering pursuant to federal law . . . may not be subsequently prosecuted for enterprise corruption based upon a pattern of criminal activity that specifically includes a criminal act that was also specifically included in the pattern of racketeering activity upon which the prior charge of racketeering was based provided, however, that this section shall not be construed to prohibit the subsequent prosecution of any other offense specifically included in or other otherwise a part of a pattern of racketeering activity alleged in any such prior prosecution for racketeering or other comparable offense. (Emphasis added).
As further explained in the Practice Commentaries, where a criminal act supported a prosecution under RICO or a comparable statute of another state, although such a "criminal act cannot be used to support an allegation of a pattern of criminal activity in a New York Enterprise Corruption prosecution, . . . this use of a New York crime by a foreign jurisdiction will not prevent subsequent prosecution for that crime in New York." Preiser, Practice Commentaries, McKinney's Cons. Laws of N.Y., Book 11A, CPL § 40.40, at 112 (2003) (emphasis added).
CPL § 40.50 (9) has only been discussed by the appellate courts of this state once in a decision rendered fourteen years ago by the First Department; it is controlling. In Cooper, (supra), a defendant who was charged with two counts of second-degree murder in state court sought dismissal of the indictment on the ground that it violated his right against double jeopardy because he was previously charged in Federal Court with violating RICO, and two of the acts of racketeering in that matter were the same murder counts that he faced in state court. See Cooper, supra. Relying on CPL §§ 40.20 (2) (a), and 40.50 (9), the Court held that neither double jeopardy nor the provisions of CPL § 40.20 are violated "since the Federal RICO statute and State homicide statute have substantially different elements and are clearly distinct crimes." Id. at 289. The First Department further held:

To convict someone of a violation of . . . RICO, . . . the government must prove, inter alia, the existence of an "enterprise" (18 U.S.C. § 1961[4]) as well as a pattern of "racketeering activity" [*5](18 USC § 1961[1]; see 18 USC § 1962). Thus, reference to State law is only necessary to identify the type of unlawful activity in which the defendant engaged. The RICO statute does not charge the commission of the predicate crimes that comprise the pattern of racketeering activity but, rather, the furthering of a criminal enterprise by a pattern of racketeering activity (see United States v. Phillips, 664 F.2d 971, 1014 [5th Cir. 1981], cert. denied, sub nom., Myers v. United States, 457 U.S. 1136, 102 S.Ct. 2965, 73 L.Ed.2d 1354 [1982], sub nom., Meinster v. U.S., 457 U.S. 1136, 102 S.Ct. 2965, 73 L.Ed.2d 1354, sub nom., Platshorn v. United States, 459 U.S. 906, 103 S.Ct. 208, 74 L.Ed.2d 166 [1982]).[FN2] Consequently, a defendant may be punished both for a violation of the Federal RICO statute as well as for the predicate crimes that constitute the pattern of racketeering activity . . . since these acts constitute completely separate and distinct crimes under New York law.
Id. But see People v. Bokun, 145 Misc.2d 860 (Sup. Ct. New York Cty. 1989) (holding that a prosecution for RICO and subsequent prosecutions for the underlying acts that formed the pattern of racketeering activity were not merely separate prosecutions for the same act or criminal transaction, but rather, were separate prosecutions for the same offense, and therefore, barred by CPL § 40.20 (1), and neither CPL § 40.20 (2) nor CPL § 40.50 were applicable).
Here, although the witness admitted to the two murders in his RICO plea, he was never actually charged with those murders per se. Rather, the witness was charged with being associated with the criminal enterprise of Sex, Money and Murder, and participating in that enterprise's affairs through a pattern of racketeering activity. The murders committed by the witness were allocuted to only to reference the type of illegal activity in which he was engaged that formed the pattern of racketeering activity making for the Federal crime. Therefore, these two murders were completely separate and distinct crimes from defendant's violation of RICO, and, as such, he could have still been prosecuted for them by the District Attorney.
It should also be noted that the District Attorney can yet still prosecute Mr. Boyd for the two murders pursuant to CPL § 40.20 (2) (b). In People v. Bryant, 92 N.Y.2d 216 (1998), our high court held that a State indictment is not automatically barred by a prior Federal indictment where both prosecutions are based upon a single transaction. In that case, both the Federal and State prosecutions were based upon the same bank robbery and subsequent high-speed vehicle chase and exchange of gunfire. The defendants were charged federally with bank robbery (18 U.S.C. § 3112 [a] [2]), assaulting and placing in jeopardy the lives of persons by the use of dangerous weapons in the course of a robbery (18 U.S.C. § 2113 [d] [2]), using and possessing firearms during the commission of a Federal crime (18 U.S.C. § 924 [c] [2]), and conspiracy against the United States (18 U.S.C. § 371). Following their Federal convictions, the defendants [*6]were then indicted by the State for attempted first-degree murder of a police officer (Penal Law § 125.27 [1] [a] [I]), and possession of a defaced weapon (Penal Law § 265.02 [3]). The Court held that to determined if CPL § 40.20 (2) (b) allowed such a second prosecution, a two prong analysis must be employed. "The first prong of the exception . . . requires a comparison of the Federal and State charges at issue to determine whether each of the Federal offenses contains an element which is not an element of any State offense, and vice versa." Id. at 227. The second prong requires a determination "that the kinds of harm or evil sought to be regulated under the Federal State statutes are very different." Id. at 229. Regarding the first prong, the Court of Appeals held that "each of the Federal crimes committed by defendants contained an element that is not an element of any of the State crimes for which defendants were prosecuted." Id. at 228.
As per the second prong, the Court compared the legislative history of the Federal and State offenses and noted that the prevention of the evil in the State offenses is neither address by, nor embraced within the Federal provisions at issue in that case. See id. at 229. See also People v. O'Neill, 285 A.D.2d 669, 671 (3rd Dept. 2001) (CPL § 40.20 [2] [b] permits separate prosecutions for possession of a controlled substance and conspiracy, where the possession was alleged to be an overt act in furtherance of the conspiracy because "[t]he crime of conspiracy and the category of offenses involving possession of contraband are comprised of distinct elements and serve to prevent different kinds of harm").
In addition, the Court noted in Bryant that its prior decision of Matter of Schmidt v. Roberts, 74 N.Y.2d 513, 522 (1989), was readily distinguishable because, in that case, CPL § 40.20 (2) (b) was inapplicable since both the Federal and State crimes were regulating the same type of evil, namely they were both "designed to punish thieves and to protect property owners from theft." Similarly, in Matter of Wiley v. Altman, 52 N.Y.2d 410, 414 (1981), CPL § 40.20 (2) (b) was also inapplicable because "the statutory provisions in each jurisdiction were directed at the same goal, that is, punishment for the unlawful taking of a particular human life." Bryant, supra at 230. The Court of Appeals also noted that although, under Abbamonte, the same criminal transaction was involved with respect to both the Federal and State prosecutions, that case did not address the double jeopardy exception under CPL § 40.20 (2) (b), which is controlling. See also People v. McGee, 49 N.Y.2d 48, 57 (1979) ("The crime of conspiracy is an offense separate for the crime that is the object of the conspiracy."), cert. denied, sub nom., Waters v. New York, 446 U.S. 942, 100 S.Ct. 2166, 64 L.Ed.2d 797 (1980), sub nom., Quamina v. New York, 446 U.S. 942, 100 S.Ct. 2166, 64 L.Ed.2d 797 (1980); Matter of Robinson v. Snyder, 259 A.D.2d 280 (1st Dept. 1999) (separate prosecutions for conspiracy and weapons and controlled substances possession that arise out of the same criminal transaction are allowed under CPL § 40.20 (2) (b) becuase "[t]he crime of conspiracy and the category of offenses involving possession of contraband are comprised of distinct elements and serve to prevent different kinds of harm.").
The two prong test under Bryant clearly establishes that CPL § 40.20 (2) (b) is applicable here. First, the elements of Murder in the Second Degree (P.L. § 125.25 [1]) are that: (1) the defendant intend to cause the death of another person; and (2) that he causes the death of that person or a third person. By contrast, the elements of RICO under 18 U.S.C. § 1962 (c) are that: (1) the defendant be employed by or associated with an enterprise; (2) that said enterprise be engaged in or have activities which affect interstate or foreign commerce; (3) that said person [*7]conduct or participate in the enterprise's affairs; and (4) that such conduct or participation be a pattern of racketeering activity or collection of unlawful debts. The relevant definitions are for "pattern of racketeering activity," which is defined as "at least two acts of racketeering activity," 18 U.S.C. § 1961 (5), and "racketeering activity," which includes "any act or threat involving murder, kidnaping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance . . . which is chargeable under State law and punishable by imprisonment for more than one year." 18 U.S.C. § 1961 (1) (a). Thus, murder is not an element of RICO, but instead, may be the basis for establishing the element of the furthering of a criminal enterprise by a pattern of racketeering activity.
As to the second prong, the purpose of the homicide statute is "punishment of the unlawful taking of a . . . human life." Wiley, supra at 414. By contrast, the purpose of RICO is "to seek the eradication of organized crime in the United States by strengthening the legal tools in the evidence-gathering process, by establishing new penal prohibitions, and by providing enhanced sanctions and new remedies to deal with the unlawful activities of those engaged in organized crime." Act of Oct. 15, 1970, P.L. 91-452, § 1, 84 Stat. 922 (1970) (codified as 18 U.S.C. §§ 1961-1990). Clearly the evils combated in these two statutes are very different. Thus, CPL § 40.20 (2) (b) is applicable to the case at bar.
To the extent that it is claimed that this decision allows Defendant to improperly make it appear to the jury that Mr. Boyd received a free-pass for these specific criminal transactions, such a concern was alleviated through the re-direct examination employed by the prosecutor in the case which "remed[ied] [any] misapprehension created by the defense upon cross-examination." People v. Jackson, 240 A.D.2d 680 (2nd Dept. 1997), lv. denied, 90 N.Y.2d 1012 (1997). See also People v. Everrett, 269 A.D.2d 198 (1st Dept. 2000) (holding that a prosecutor's elicitation of certain underlying facts in re-cross examination was appropriate to explain certain issues that arose during defense counsel's examination), lv. denied, 94 N.Y.2d 919 (2000). 
ORDERED, that the motion in limine by the People is denied.
The foregoing constitutes the decision and opinion of the Court.
Dated: Bronx, New York
March 15, 2004

DOMINIC R. MASSARO,
Justice of the Supreme Court
Decision Date: March 15, 2004
Footnotes

Footnote 1:Pursuant to Criminal Procedure Law § 160.50, the full name of Defendant has been omitted, as the matter has since been terminated in his favor. 

Footnote 2:This Court notes that Phillips has since been overruled on other grounds by United States v. Huntress, 956 F.2d 1309 (5th Cir. 1992), cert. denied, 508 U.S. 905, 113 S.Ct. 2330, 124 L.Ed.2d 243 (1993).