OPINION OF THE COURT
Rena K. Uviller, J.
The defendant moves to dismiss each of the four counts of the indictment on grounds of double jeopardy. (CPL 210.20 [c]; 40.20.) The issue raised by his motion is whether a plea in federal court to a federal weapons possession charge bars a New York State prosecution for attempted first degree robbery with the same weapon and second and third degree possession, also of that weapon.
Background
On October 11, 2005, defendant was indicted under the instant indictment for one count of attempted first degree robbery (Penal Law §§ 110.00, 160.15 [2]), one count of criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b]) and two counts of criminal possession of a weapon in the third degree (Penal Law § 265.02 [3], [4]). The state robbery and weapons offenses are alleged to have occurred on October 5, 2005.
Ten days after the state indictment, on October 21, 2005, defendant was indicted in federal court for violating 18 USC § 922 (g) (1). That statute prohibits “possess [ing] in or affecting commerce, any firearm or ammunition” after having been previously “convicted in any court of, a crime punishable by imprisonment for a term exceeding one year.” (Id.) Defendant pleaded guilty to the federal indictment on May 22, 2006.
It is uncontested that both the New York and federal indictments arise from the same criminal transaction.
Discussion
Section 40.20 of the Criminal Procedure Law “generally prohibits successive prosecutions for two offenses based on a *298 single act or criminal transaction,” unless the second prosecution falls within one of the enumerated statutory exceptions. (People v Bryant, 92 NY2d 216, 226 [1998]; CPL 40.20 [2].)
The relevant exception provides as follows: “(b) Each of the offenses as defined contains an element which is not an element of the other, and the statutory provisions defining such offenses are designed to prevent very different kinds of harm or evil.” (CPL 40.20 [2] [b].)
Comparison of the Elements of the State and Federal Offenses Attempted Robbery in the First Degree
Count one of the instant indictment charges defendant with attempted first degree robbery. (Penal Law §§ 110.00, 160.15 [2].) This crime requires proof of an attempted robbery while in possession of a loaded weapon. The federal statute contains no element of a robbery or attempted robbery. Rather, the federal statute under which defendant pleaded requires proof that the weapon possessor had a prior felony conviction. (18 USC § 922 [g] [1].) On the other hand, the criminal history of the weapon possessor is not a part of the state law.
The state and federal offenses each contains an element not present in the other.
Second Degree Weapons Possession (Penal Law § 265.03 [1] [b]); Third Degree Weapons Possession (Penal Law § 265.02 [4]); Third Degree Weapons Possession (Penal Law § 265.02 [3])
Each of the three weapon possession counts in the instant indictment has at least one element not contained in the federal statute:
Count two of the indictment (Penal Law § 265.03 [1] [b]) requires proof that the possessor intended to use the weapon unlawfully against another person. The possessor’s intention is not an element of the federal offense.
Count three of this indictment (Penal Law § 265.02 [3]) requires proof that possession of the weapon occurred outside the defendant’s home or place of business. The location of the possession is not an element of the federal crime.
Count four of the instant indictment (Penal Law § 265.02 [4]) requires proof that the weapon was defaced for purposes of concealment. Once again, defacement or the nature of the weapon is not an element of the federal crime.
Comparison of Harm and/or Evil
The statutory provisions in the state indictment address substantially different harms or evils than that which the *299 federal statute seeks to prevent. (See, Barrett v United States, 423 US 212 [1976]; United States v Haddad, 558 F2d 968 [1977]; Huddleston v United States, 415 US 814, 824 [1974]; People v Bryant, supra.)
The federal statute is concerned with the possession of firearms by individuals with a prior criminal history. The harms or evils at which the relevant state statutes are aimed are quite different.
Thus, the attempted robbery statute (count one) is designed to mitigate the danger flowing from a robbery by punishing those who use loaded guns in the course of the crime.
Count two is concerned with preventing the use of a loaded gun against another person.
Count three is concerned with the location of the gun possession and prohibits possession in public places in order to promote public safety.
Count four is specifically concerned with the defacement of weapons, inasmuch as defacement inhibits their identification and promotes weapons trafficking.
Again, the federal statute to which the defendant pleaded is not concerned with the underlying crime being committed by the possessor, or the location of the possession, or the condition of the weapon. It addresses the harm flowing from weapon possession by individuals with criminal records and seeks to keep firearms out of their hands. The relevant state statutes involved here are not concerned with the criminal history of the possessor.
Conclusion
From the foregoing, it is apparent that each of the crimes charged in the instant indictment contains an element not present in the federal statute. In addition, the harms sought to be prevented by the state statutory provisions are substantially different from the evil with which the federal statute is concerned. As such, this prosecution falls squarely within the exception to New York’s proscription against successive prosecution. (CPL 40.20 [2] [a], [b].)
Accordingly, defendant’s motion to dismiss this indictment on grounds of double jeopardy is denied in all respects.