George D. Ogden, J.
After a jury trial at which he was represented by counsel, defendant was found guilty of criminally negligent homicide (Penal Law, § 125.10), and leaving scene of accident without reporting (Vehicle and Traffic Law, § 600). On April 20, 1971, defendant was sentenced to imprisonment for a term of one year on each offense, the sentences to run consecutively ; he now claims that the sentences imposed should have been ordered to run concurrently. Defendant is no longer represented by counsel who appeared for him at the time of trial, claims to be indigent and asks this court to appoint counsel to represent him. The Public Defender of Monroe County is appointed as counsel for defendant, nunc pro tunc as of September 29, 1971.
Subdivision 1 of section 440.20 of the Criminal Procedure Law, although effective after the date of imposition of sentence, expressly provides 11 At any time after the entry of a judgment, the court in which the judgment was entered may, upon motion of the defendant, set aside the sentence upon the ground that it was unauthorized, illegally imposed or otherwise invalid as a matter of law ”. It appears that the sentence imposed for the crime of leaving scene of accident without reporting was unauthorized and that sentence imposed on April 20, 1971 is in all respects canceled, annulled and vacated, and defendant is now *980 sentenced nunc pro tunc as of April 20, 1971, to confinement in Monroe County Penitentiary (now Monroe County Jail) for a term of 80 days (Vehicle and Traffic Law, § 1801).
Whether the sentences imposed should run consecutively or concurrently poses a more serious question. At the time of sentence defendant’s then counsel urged that the sentence authorized for a Class E felony — criminally negligent homicide — of four years was too great and agreed that the alternative definite sentence for a Class E felony of one year was too little. Defendant was therefore sentenced to a definite term of imprisonment of one year on his conviction of each of the crimes specified, such sentences to run consecutively; the defendant was clearly benefitted. While I agree with the dissenting opinion in People v. Lopez (28 N Y 2d 148, 152) and believe that a defendant can waive the provisions of section 70.25 of the Penal Law, I am constrained to hold pursuant to People v. Lopez (supra) that the portion of the sentence imposed which orders that the sentences run consecutively was invalid because the offense of criminally negligent homicide was a material element of the offense of leaving scene of accident without reporting (§ 70.25, subd. 2).
Defendant’s motion, in all respects is granted, and the sentences imposed herein are directed to run concurrently.