OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified to provide that defendant’s sentences for manslaughter in the second degree and leaving the scene of an accident without reporting, as a felony, run concurrently and as so modified, affirmed.
At approximately 11:45 p.m. on June 6,1981 defendant struck and killed a teen-age girl as she and several of her friends were crossing Depot Road at a pedestrian crosswalk in Huntington Station, New York. After striking the girl, defendant reduced his speed for a brief moment but then sped off. He was subsequently arrested and charged with manslaughter, second degree, and leaving the scene of an accident, as a felony. Following a jury trial, he was found guilty as charged and sentenced to the maximum terms of imprisonment for both counts, the sentences to run consecutively.
The sole issue on appeal is whether defendant’s consecutive sentences are valid under Penal Law § 70.25 (2). That provision creates two situations where sentences imposed for two or more *1005 offenses must run concurrently: (1) where the offenses are committed through a single act or omission, and (2) where an act or omission constitutes both one of the offenses and a material element of the other.* Defendant contends that his convictions fall squarely within the second category of section 70.25 (2) and we agree.
We have previously indicated that this language means that one offense must have been a material element of the other (see, People ex rel. Maurer v Jackson, 2 NY2d 259, 264-265). The relevant law and facts of this case demonstrate that the offense of manslaughter in the second degree was a material element of the offense of felony leaving the scene without reporting. Penal Law § 125.15 provides that “[a] person is guilty of manslaughter in the second degree when: (1) He recklessly causes the death of another person.” Vehicle and Traffic Law § 600, which defines leaving the scene of an accident without reporting, makes it a class E felony for “[a]ny person operating a motor vehicle who, knowing or having cause to know that [death or serious physical injury] has been caused to another person, due to the culpability of the person operating such motor vehicle, or due to accident”, to fail to stop and provide information and report the incident to the police as soon as possible (Vehicle and Traffic Law § 600 [2]). Thus, one of the material elements of the offense of felony leaving the scene that defendant was indicted for was that he had caused death to another person through his culpable conduct which is, in effect, the offense of manslaughter in the second degree when the degree of culpability is recklessness as the jury found here (see, People v King, 67 Misc 2d 979).
While it appears anomalous that the crime of leaving the scene of an accident should be essentially unpunished under these circumstances, the result is required by the statute and suggests that the Legislature may wish to reexamine its language.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye, Alexander and Titone concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order modified *1006 in accordance with the memorandum herein and, as so modified, affirmed.

 Penal Law § 70.25 (2) provides as follows: “2. When more than one sentence of imprisonment is imposed on a person for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other, the sentences, except if one or more of such sentences is for a violation of section 270.20 of this chapter, must run concurrently.”