■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT A. COLEMAN, Appellant.—Order unanimously reversed on the law, defendant's motion pursuant to CPL article 440 granted, consecutive sentence vacated and concurrent sentence imposed, in accordance with the following memorandum: Defendant pleaded guilty to two counts of criminally negligent homicide (Penal Law § 125.10) and one count of driving while intoxicated (Vehicle and Traffic Law § 1192 [2])

as a result of an accident in which he drove his automobile into a tree, killing two occupants of the vehicle. The sentencing court imposed concurrent one-year terms for each homicide count and imposed a one-year term for the driving while intoxicated count to run consecutively to the previously imposed sentences on the homicide.

The court erred in denying defendant's motion, made pursuant to CPL article 440, seeking to vacate the consecutive sentence. Since defendant's intoxication itself constituted the misdemeanor of driving while intoxicated and also was a material element of the crimes of criminally negligent homicide (see, Penal Law § 15.05 [4]; People v Rooney, 57 NY2d 822; People v Haney, 30 NY2d 328), the sentence for driving while intoxicated should have been imposed concurrently (Penal Law § 70.25 [2]; People v Catone, 65 NY2d 1003; People ex rel. Maurer v Jackson, 2 NY2d 259, 264-265; People v King, 67 Misc 2d 979). (Appeal from order of Cattaraugus County Court, Sprague, J.—CPL 440.20). Present—Doerr, J. P., Denman, Green, Pine and Lawton, JJ.