■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES E. MCDANIEL, Appellant.—Judgment unanimously modified on the law and as modified affirmed, in accordance with the following memorandum: Defendant contends that his waiver of trial by jury is invalid because the waiver was not executed in "open court" as required by NY Constitution, article I, § 2 and CPL 320.10 (2). The validity of that contention cannot be determined on this record and must be established, "if at all, by facts outside the trial record in a proceeding maintainable under CPL 440.10" *(People v Johnson,* 51 NY2d 986, 988; *see also, People v Magnano,* 158 AD2d 979).

The court erred in ordering that the sentence imposed on defendant's conviction for unauthorized use of a vehicle in the first degree (Penal Law § 165.08) be served consecutively to the sentences of robbery in the first and second degrees and attempted sodomy in the first degree. Commission of a class A, B, C or D felony is a material element of unauthorized use of a vehicle in the first degree; thus, the sentences must be served concurrently (Penal Law § 70.25 [2]; *see, People v*

*Catone,* 65 NY2d 1003; *People v Coleman,* 138 AD2d 963, *lv denied* 72 NY2d 857).

We have reviewed defendant's remaining contentions and find them to be lacking in merit. (Appeal from judgment of Supreme Court, Erie County, Marshall, J.—robbery, first degree.) Present—Callahan, J. P., Denman, Pine, Balio and Davis, JJ.