■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER D. FLEENOR, Appellant.—Casey, J. Appeal from a judgment of the County Court of Tompkins County (Friedlander, J.), rendered May 26, 1989, upon a verdict convicting defendant of the crimes of criminally negligent homicide (two counts) and driving while ability impaired by alcohol.

Defendant contends that the evidence adduced at trial was insufficient to support a finding that his role as the driver of one of two cars involved in a collision which killed two people constituted criminal negligence. According to defendant, his failure to perceive the stop sign at the intersection where the accident occurred was not a gross deviation from the standard of care that a reasonable man would have observed. The evidence establishes that defendant was driving while his ability was impaired by alcohol and that as he approached the intersection, he overtook and passed a vehicle that was slowing for the stop sign. Defendant's vehicle remained at least partially in the left-hand lane of the two-lane road as it approached the intersection, traveling at a speed of approximately 40 miles per hour. Defendant neither applied the brakes nor sounded the horn as he passed through the stop sign, which was visible from at least 1,300 feet away. At the intersection, defendant's vehicle struck the victims' vehicle broadside. Contrary to defendant's argument, this is not a case of defendant's mere failure to perceive a risk of death. Rather, there is "some serious blameworthiness" in defendant's conduct which created or contributed to "a substantial and unjustifiable risk of death" (compare, People v Boutin, 75 NY2d 692, 696, with People v Paul V. S., 75 NY2d 944). The evidence is legally sufficient to support the jury's verdict, and that verdict is not against the weight of evidence. We also reject defendant's argument that reversal is required in the interest of justice (cf., People v Kidd, 76 AD2d 665).

Defendant also claims that County Court's charge to the jury was inadequate, but we find no merit to this claim. In particular, the charge emphasized that the degree of negligence adequate for civil liability was not sufficient for criminal liability, and the charge advised the jury that defendant's

conduct should be judged in the context of the "situation". The charge followed the pattern jury instruction (see, 2 CJI[NY] PL 125.10, at 187-190) and, read as a whole (see, *People v Roundtree*, 140 AD2d 884, *lv denied* 73 NY2d 790), the charge adequately apprised the jury of the applicable material legal principles.

As to the sentence imposed, we agree with defendant that County Court erred in making the sentence imposed on the conviction of driving while ability impaired run consecutively to the concurrent terms imposed upon the conviction of two counts of criminally negligent homicide (see, *People v Coleman*, 138 AD2d 963, *lv denied* 72 NY2d 857). Otherwise, we see no abuse of discretion in the imposition of the maximum prison terms (2 to 4 years for each of the felonies, 15 days for the traffic infraction), without waiver of the mandatory surcharges.

Judgment modified, on the law, by deleting so much thereof as directed that the sentences run consecutively and substituting therefor a provision directing that the sentences run concurrently, and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Levine and Mercure, JJ., concur.