■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON LOPER, Appellant. [831 NYS2d 612]—Appeal from a judgment of the Steuben County Court (Peter C. Bradstreet, J.), rendered October 3, 2005. The judgment convicted defendant, upon his plea of guilty, of burglary in the third degree and unauthorized use of a vehicle in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is modified on the law by directing that the sentence imposed for unauthorized use of a vehicle in the first degree shall run concurrently with the sentence imposed for burglary in the third degree and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of burglary in the third degree

(Penal Law § 140.20) and unauthorized use of a vehicle in the first degree (§ 165.08). Defendant contends that the plea with respect to the offense of unauthorized use of a vehicle in the first degree was not knowingly or voluntarily entered because he was unaware of all of the elements of that offense. Defendant failed to move to withdraw the plea or to vacate the judgment of conviction on that ground and therefore has failed to preserve his contention for our review (*see People v Brown*, 305 AD2d 1068, 1068-1069 [2003], *lv denied* 100 NY2d 579 [2003]). The plea allocution does not "clearly cast[ ] significant doubt upon the defendant's guilt or otherwise call[ ] into question the voluntariness of the plea," and thus defendant's contention does not fall within the rare case exception to the preservation doctrine (*People v Lopez*, 71 NY2d 662, 666 [1988]; *see People v Farnsworth*, 32 AD3d 1176 [2006], *lv denied* 7 NY3d 867 [2006]; *People v Oltz*, 1 AD3d 934 [2003], *lv denied* 1 NY3d 632 [2004]). We agree with defendant, however, that County Court erred in directing that the sentence imposed for unauthorized use of a vehicle in the first degree shall run consecutively to the sentence imposed for burglary in the third degree (*see People v Smith*, 269 AD2d 778 [2000], *lv denied* 95 NY2d 804 [2000]; *People v McDaniel*, 161 AD2d 1125 [1990], *lv denied* 76 NY2d 861 [1990]). We therefore modify the judgment accordingly.

All concur except Scudder, P.J., and Green, J., who dissent in part and vote to affirm in the following memorandum.

Scudder, P.J., and Green, J. (dissenting in part). We respectfully dissent in part. We do not agree with the majority decision that the sentence imposed for unauthorized use of a vehicle in the first degree (Penal Law § 165.08) must run concurrently with the sentence imposed for burglary in the third degree (§ 140.20), and we therefore would affirm. In our view, County Court properly imposed a consecutive sentence in this case.

Pursuant to the two prongs set forth in Penal Law § 70.25 (2), the court is required to impose concurrent sentences where a single act constitutes two different offenses, or a single act constitutes both one of the offenses charged and a material element of the other (*see People v Parks*, 95 NY2d 811, 814-815 [2000]; *People v Laureano*, 87 NY2d 640, 643 [1996]). Where separate acts are committed in the course of a criminal transaction, or where one act does not constitute a material element of a charged crime, the court may, in its discretion, impose consecutive sentences (*see People v Bryant*, 92 NY2d 216, 231 [1998]; *People v Brown*, 80 NY2d 361, 364 [1992]). Whether a court has the discretion to impose consecutive sentences thus depends on an analysis of the statutory definition of the actus reus for each

offense (*see Laureano*, 87 NY2d at 643; *People v Day*, 73 NY2d 208, 211 [1989]).

In this case, defendant was convicted of the crimes of burglary in the third degree and unauthorized use of a vehicle in the first degree. The burglary conviction related to conduct occurring during the early morning hours of January 9, 2004, when defendant entered Jeff's Clubhouse at 80 River Street in the City of Hornell with the intent to steal money. The actus reus for that crime was defendant's unlawful entry into the premises. The unauthorized use of a vehicle conviction related to conduct occurring after the burglary, when defendant took a vehicle from Southern Tier Collision Shop located on Horton Street in the City of Hornell to use it to escape from the scene of the burglary. The actus reus for the crime of unauthorized use of a vehicle was the taking of the vehicle. While these two crimes were related, they were not the result of a single act. The burglary of Jeff's Clubhouse was completed before defendant took the vehicle from the Southern Tier Collision Shop (*see People v Yong Yun Lee*, 92 NY2d 987, 989 [1998]); indeed, the burglary was completed before defendant formed the *intent* to take the vehicle. Because the two crimes involved two different actus rei, the first prong of Penal Law § 70.25 (2) does not apply here.

Nor is the second prong of Penal Law § 70.25 (2) applicable. The elements of the crime of burglary in the third degree as it relates to this case are (1) that the defendant entered a building unlawfully; (2) that the defendant did so knowingly; and (3) that the defendant did so with the intent to commit a crime inside the building (*see* § 140.20). The elements of the crime of unauthorized use of a vehicle in the first degree are (1) that the defendant took, operated, exercised control over, rode in, or otherwise used a vehicle without the owner's consent; (2) that he or she knew that he or she did not have the owner's consent; and (3) that he or she did so with the intent to use the vehicle in the course of, commission of, or immediate flight from a class A, B, C or D felony (*see* § 165.08). Thus, neither of those crimes requires proof of the commission of the other.

The majority interprets the third element of Penal Law § 165.08 to include the actual commission of the designated crime, here, burglary in the third degree, because of the statute's reference to the use of the vehicle in the course of, commission of, or immediate flight from a class A, B, C or D felony. In our view, this interpretation of the statute adds an element to the crime of unauthorized use of a vehicle in the first degree that is not required by Penal Law § 165.08. The plain

language of the statute requires only that the defendant have the *intent* to use the vehicle in the course of, commission of, or immediate flight from a class A, B, C, or D felony. It does not state that the defendant must actually have committed such crime. Thus, where an individual takes a vehicle with the knowledge that he or she does not have the owner's consent and with the intent to use it to commit a designated felony but the individual for some reason does not actually complete that felony, he or she has committed the crime of unauthorized use of a vehicle in the first degree. The individual's *intent* to use the vehicle in such manner is all that is required. Indeed, the Committee on Criminal Jury Instructions has explicitly recognized that distinction. The CJI2d jury instruction for unauthorized use of a vehicle in the first degree lists as an element of the crime the defendant's intent to use the vehicle in the course of or commission of a class A, B, C or D felony, or the immediate flight therefrom, not the defendant's commission of a class A, B, C or D felony (*see* CJI2d[NY] Penal Law § 165.08).

The majority relies on our decisions in *People v McDaniel* (161 AD2d 1125 [1990], *lv denied* 76 NY2d 861 [1990]) and *People v Smith* (269 AD2d 778 [2000], *lv denied* 95 NY2d 804 [2000]) to support their conclusion that the completed burglary was a material element of the crime for Penal Law § 70.25 (2) purposes. We note, however, that *McDaniel* was decided prior to the decision in *Laureano* (87 NY2d 640 [1996]), which clarified the appropriate analysis for determining whether Penal Law § 70.25 (2) requires concurrent sentencing. In addition, the internal records of this Court, of which we take notice (*see Matter of Rapoport v Koenig*, 237 AD2d 820 [1997]), establish that in *McDaniel* the People conceded that concurrent sentences were required, and in *Smith* the concession of the People with respect to this issue was, according to their brief on appeal, based on *McDaniel*.

We therefore would affirm the judgment of conviction without modification of the sentence imposed. Present—Scudder, P.J., Gorski, Centra, Green and Pine, JJ.