■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEREZ D. WATTS, Appellant. [910 NYS2d 730]—Appeal from a judgment of the Niagara County Court (Matthew J. Murphy, III, J.), rendered September 29, 2009. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]). By failing to move to withdraw the plea or to vacate the judgment of conviction, defendant has failed to preserve for our review his contention that the plea was not voluntary, knowing, and intelligent (*see People v Zuliani*, 68 AD3d 1731 [2009], *lv denied* 14 NY3d 894 [2010]). Moreover, this case does not fall within the rare exception to the preservation rule set forth in *People v Lopez* (71 NY2d 662, 666 [1988]), because nothing in the plea colloquy casts any doubt on defendant's guilt or the voluntariness of the plea (*see People v Loper*, 38 AD3d 1178 [2007]). In any event, we conclude that defendant's contention lacks merit. Although County Court did not mention during the plea colloquy that the sentence to be imposed for the instant crime might run consecutively to an undischarged sentence on a previous conviction, the court also did not inform defendant at that time that he would receive concurrent sentences, nor did the court give defendant " 'any reason to think that part or all of [the] sentence [imposed for the instant crime] would be effectively nullified, by running simultaneously with [the] sentence[ ] he had already received' " (*People v Lagas*, 76 AD3d 384, 387 [2010], quoting *People ex rel. Gill v Greene*, 12 NY3d 1, 6 [2009], *cert denied sub nom., Gill v Rock*, 558 US —, 130 S Ct 86 [2009]; *see People v Silva*, 220 AD2d 230, 231 [1995], *lv denied* 87 NY2d 977 [1996]). Present—Martoche, J.P., Sconiers, Green and Pine, JJ.