# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**820.2**
**KA 10-00823**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                  MEMORANDUM AND ORDER

AMBER MARACLE, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (TIMOTHY P. MURPHY OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered September 25, 2009. The judgment convicted defendant, upon her plea of guilty, of grand larceny in the second degree and forgery in the second degree (four counts).

It is hereby ORDERED that said appeal from the judgment insofar as it imposed sentence on the conviction of four counts of forgery in the second degree is unanimously dismissed and the judgment is affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting her upon her plea of guilty of grand larceny in the second degree (Penal Law § 155.40 [1]) and four counts of forgery in the second degree (§ 170.10 [1]). In appeal No. 2, she appeals from a resentence with respect to the conviction of the four counts of forgery in the second degree in appeal No. 1. Contrary to defendant's contention in appeal No. 1, her waiver of the right to appeal as part of the plea agreement was knowingly, voluntarily, and intelligently entered (*see People v Lopez*, 6 NY3d 248, 256). The record "establish[es] that the defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*id.*). Thus, defendant's valid waiver of the right to appeal encompasses her challenge to the severity of the sentence in appeal No. 1 and the resentence in appeal No. 2 (*see id.* at 255-256; *People v Hidalgo*, 91 NY2d 733, 737). The further contention of defendant in appeal No. 1 that she was denied effective assistance of counsel does not survive her plea or her valid waiver of the right to appeal because defendant "failed to demonstrate that 'the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of [her] attorney['s] allegedly poor performance' " (*People v Wright*, 66 AD3d

1334, *lv denied* 13 NY3d 912; *see People v Zuliani*, 68 AD3d 1731, 1732, *lv denied* 14 NY3d 894).

Although the contention of defendant in appeal No. 1 that her guilty plea was not knowing, voluntary and intelligent survives her valid waiver of the right to appeal (*see Zuliani*, 68 AD3d at 1732), defendant failed to preserve that contention for our review by failing to move to withdraw her plea or to vacate the judgment of conviction (*see People v Watts*, 78 AD3d 1593, *lv denied* 16 NY3d 838).  Contrary to defendant's contention, this case does not fall within the rare exception to the preservation requirement set forth in *People v Lopez* (71 NY2d 662, 666), "because nothing in the plea colloquy casts any doubt on defendant's guilt or the voluntariness of the plea" (*Watts*, 78 AD3d 1593).  In any event, we conclude that defendant's contention lacks merit.  Although the amount of restitution that was included in the plea bargain was less than $50,000, that amount of restitution does not negate the element of grand larceny in the second degree that the value of the property stolen by defendant exceeded $50,000 (*see* Penal Law § 155.40 [1]).  In pleading guilty, defendant agreed to the recitation of the facts set forth by the prosecutor that she stole property from her former employer that had a value in excess of $50,000.

Entered:  June 10, 2011                          Patricia L. Morgan
                                                 Clerk of the Court