SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

178
KA 10-02503
PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, CARNI, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

TIMOTHY C. MUNZERT, DEFENDANT-APPELLANT.

---

DAVID J. PAJAK, ALDEN, FOR DEFENDANT-APPELLANT.

JOSEPH V. CARDONE, DISTRICT ATTORNEY, ALBION (KATHERINE BOGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered November 15, 2010. The judgment convicted defendant, upon his plea of guilty, of criminal mischief in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal mischief in the third degree (Penal Law § 145.05), arising from an incident in which defendant caused $1,895.42 in property damage to the Orleans Correctional Facility, where he was an inmate. Prior to the plea proceeding, defendant sent three pro se letters to the County Court Judge who later accepted his plea and sentenced him. In those letters, defendant requested new counsel, accused assigned defense counsel of having a relationship that was one of "over-familiarity" with the Assistant District Attorney (ADA) and the police and threatened a civil action against the Judge, defense counsel and the ADA for alleged wrongs defendant had suffered during this action.

Defendant contends that the court failed to consider his pro se "motions," i.e., the three letters. We conclude that "defendant abandoned his request for a substitution of counsel [contained in the first letter by] plead[ing] guilty while still being represented by the same attorney" (*People v Hobart*, 286 AD2d 916, 916, *lv denied* 97 NY2d 683). In any event, defendant did not make a " 'seemingly serious request[]' " containing the requisite specific factual allegations that would have triggered the court's duty to consider such a request (*People v Porto*, 16 NY3d 93, 100, quoting *People v Sides*, 75 NY2d 822, 824). Furthermore, defendant's "vague assertions that defense counsel was not in frequent contact with him and did not aid in his defense" were insufficient to demonstrate good cause for substitution (*People v MacLean*, 48 AD3d 1215, 1217, *lv denied* 10 NY3d

866, 11 NY3d 790).  We have considered defendant's remaining contentions with respect to the pro se letters and conclude that they are without merit.

Defendant's further contention that he was denied effective assistance of counsel does not survive his guilty plea inasmuch as defendant "failed to demonstrate that the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of [defense counsel's] allegedly poor performance" (*People v Maracle*, 85 AD3d 1652, 1653, *lv denied* 17 NY3d 860 [internal quotation marks omitted]).

Entered:  February 17, 2012                       Frances E. Cafarell
                                                  Clerk of the Court