# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**251**

**KA 09-01485**

PRESENT: SMITH, J.P., FAHEY, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                MEMORANDUM AND ORDER

ANTWON M. WILLIAMS, ALSO KNOWN AS ANTWON Q.
WILLIAMS, DEFENDANT-APPELLANT.

---

KRISTIN F. SPLAIN, CONFLICT DEFENDER, ROCHESTER (KIMBERLY CZAPRANSKI
OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (LESLIE E. SWIFT OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered May 27, 2009. The judgment convicted defendant, upon his plea of guilty, of burglary in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Upon appeal from a judgment convicting him following his plea of guilty of burglary in the first degree (Penal Law § 140.30 [2]), defendant contends that his written waiver of his right to appeal, which he executed as part of the plea agreement, is not valid. We reject that contention (*see People v Caraballo*, 59 AD3d 971, *lv denied* 12 NY3d 852; *People v Duncan*, 267 AD2d 995, *lv denied* 94 NY2d 918). Defendant's further contention that County Court erred in denying that part of his omnibus motion seeking to suppress his statement made to the police is encompassed by defendant's waiver of the right to appeal (*see People v Kemp*, 94 NY2d 831, 833). Although defendant's contention that his plea was not knowing, voluntary and intelligent survives his valid waiver of the right to appeal (*see People v Zulian*, 68 AD3d 1731, 1732, *lv denied* 14 NY3d 894), defendant failed to preserve that contention for our review inasmuch as he did not move to withdraw his plea or to vacate the judgment of conviction (*see People v Watts*, 78 AD3d 1593, *lv denied* 16 NY3d 838). Nor can it be said that this case falls within the rare exception to the preservation requirement (*see People v Lopez*, 71 NY2d 662, 666).

Entered:  March 16, 2012                    Frances E. Cafarell
                                            Clerk of the Court