People v Lafferty (2024 NY Slip Op 02470)

People v Lafferty

2024 NY Slip Op 02470

Decided on May 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, MONTOUR, OGDEN, AND NOWAK, JJ.

795 KA 21-00042

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ADAM LAFFERTY, DEFENDANT-APPELLANT. 

ANDREW D. CORREIA, PUBLIC DEFENDER, LYONS (BRIDGET L. FIELD OF COUNSEL), FOR DEFENDANT-APPELLANT.
ADAM LAFFERTY, DEFENDANT-APPELLANT PRO SE. 
MICHAEL D. CALARCO, DISTRICT ATTORNEY, LYONS (CATHERINE A. MENIKOTZ OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Wayne County Court (John B. Nesbitt, J.), rendered March 3, 2020. The judgment convicted defendant, upon his plea of guilty, of burglary in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of burglary in the third degree (Penal Law § 140.20).
Initially we note that, although the People assert that defendant's plea is illegal and must be vacated, once a court has accepted a guilty plea and the defendant has begun to serve the resulting sentence, this Court has "no statutory or 'inherent' authority to vacate the judgment at the People's request, except in certain limited circumstances," none of which are present here (People v Moquin, 77 NY2d 449, 451 [1991], rearg denied 78 NY2d 952 [1991]). Next, as defendant contends in his main brief and as the People correctly concede, defendant's waiver of the right to appeal is not valid inasmuch as the totality of the circumstances fails to reveal that defendant "understood the nature of the appellate rights being waived" (People v Thomas, 34 NY3d 545, 559 [2019], cert denied — US —, 140 S Ct 2634 [2020]; see People v Harlee, 187 AD3d 1586, 1587 [4th Dept 2020], lv denied 36 NY3d 929 [2020]).
Defendant contends in his main and pro se supplemental briefs that he was deprived of effective assistance of counsel because defense counsel allowed him to waive his right to a hearing pursuant to People v Outley (80 NY2d 702, 713 [1993]) prior to County Court's imposition of an enhanced sentence even though the court had not warned defendant of the consequences of violating the conditions of the plea agreement. Even assuming, arguendo, that defendant's contention survives his guilty plea (see People v McFarley, 144 AD3d 1521, 1522 [4th Dept 2016]), we conclude that, inasmuch as defendant's contention involves matters outside the record on appeal, it must be raised by way of a motion pursuant to CPL article 440 (see People v Roach, 213 AD3d 1274, 1274 [4th Dept 2023]; People v Espinal, 178 AD3d 517, 517 [1st Dept 2019], lv denied 34 NY3d 1158 [2020]; People v Black, 161 AD3d 997, 997-998 [2d Dept 2018], lv denied 32 NY3d 935 [2018]). Defendant's contention in his main and pro se supplemental briefs that he was denied effective assistance of counsel at the time of the grand jury proceedings does not survive his guilty plea inasmuch as defendant failed to demonstrate that his "acceptance of the plea was infected by any ineffective assistance of counsel" (People v Petgen, 55 NY2d 529, 534-535 [1982], rearg denied 57 NY2d 674 [1982]).
Defendant's contention in his main and pro se supplemental briefs with respect to his [*2]request for substitution of counsel "is encompassed by the plea . . . except to the extent that the contention implicates the voluntariness of the plea" (People v Phillips, 56 AD3d 1163, 1164 [4th Dept 2008], lv denied 12 NY3d 761 [2009]; see People v Williams, 6 AD3d 746, 747 [3d Dept 2004], lv denied 3 NY3d 650 [2004]). Moreover, defendant abandoned that request when he "decid[ed] . . . to plead guilty while still being represented by the same attorney" (People v Hobart, 286 AD2d 916, 916 [4th Dept 2001], lv denied 97 NY2d 683 [2001]; see People v Munzert, 92 AD3d 1291, 1292 [4th Dept 2012]).
By pleading guilty, defendant forfeited his contention in his main and pro se supplemental briefs that he was denied the right to testify before the grand jury (see People v Winchester, 38 AD3d 1336, 1337 [4th Dept 2007], lv denied 9 NY3d 853 [2007]; People v Vincent, 305 AD2d 1108, 1109 [4th Dept 2003], lv denied 100 NY2d 588 [2003]). Defendant's sentence is not unduly harsh or severe. We have reviewed defendant's remaining contentions in his pro se supplemental brief and conclude that none warrants modification or reversal of the judgment.
Entered: May 3, 2024
Ann Dillon Flynn
Clerk of the Court